Wheeler, J.
The statute (Hart. Dig., art. 7CG) provides that “All wo-“tioiis for new trials in arrest of judgment or to sot asidea judgment shall be “determined at the term of tho court at which such motion shall ho made.”
It is insisted that the statute is but directory and that it was within the power of the court to postpone to the next term and then act upon the motion for a now trial. We cannot so regard it. We think the mandate of (lie law is peremptory and must be obeyed, and that at tlio end of tlio term the motion not having tjpcn acted on ivas discharged by .opera! ion of law.
The suspending of the judgment was consequent upon the continuance of the motion. The one was but incidental to and was dependent upon the oilier. But the judge not having the legal authority to continue the motion, tlio order for that purpose and that made dependent upon it were alike void.
It is true that the court has control over and for good cause may alter or vacate its judgments during tho term, but in this case the court did not set aside or vacate the judgment during tho term. It could do so afterwards only by an original proceeding instituted for that purpose, sotting forth equitable grounds sufficient to entitle the party to a rehearing. (Goss v. McClaran, 8 Tex. R.)
We are of opinion that the court erred in refusing to set aside the proceedings subsequent to the judgment and award execution ; that tiio judgment be reversed and such judgment be rendered as tho court below ought to have rendered.
Reversed and reformed.