## B. C. LIGHTFOOT v. H. S. WILSON.

### No. 816.

**1. Motion for New Trial Continued to Subsequent Term.**

The statute having provided that all motions for new trial shall be determined at the term of court at which they are filed (Rev. Stats., Art. 1372), the court is not authorized, even with the consent of parties, to continue such a motion to the next succeeding term.

**2. Same—Appeal in Such Case—Jurisdiction.**

Where a motion for new trial is continued to the next term, and being there overruled, an appeal is taken, an appeal bond filed more than 20 days after the rendition of the judgment at the prior term confers no jurisdiction on the Court of Civil Appeals.

APPEAL from the County Court of Johnson. Tried below before Hon. F. E. ADAMS.

*Crane & Rumsey,* for appellant.

*O. T. Plummer,* for appellee.

RAINEY, ASSOCIATE JUSTICE.—The record in this case shows that the judgment was rendered on the 12th day of October, 1893. On the 14th of said month, two days thereafter, appellant filed a motion for new trial in the court below. November 4, 1893, the following order was entered in said cause, to-wit:

"The motion in this case filed by the defendant on the 14th day of October, 1893, at this term of court, for a new trial, is by consent of the parties here given in open court on this day, which consent is here entered of record on the minutes, continued by order of the court until

the next regular term of court." On said day the court adjourned for the term.

On November 23, 1893, and at a subsequent term of the court, said motion was considered and overruled by the court, to which ruling appellant excepted and gave notice of appeal.

On December 1, 1893, appellant filed his appeal bond. The point involved is, whether or not the appeal bond was filed in time to give this court jurisdiction of the case. If the action of the court upon the motion for a new trial was authorized under the law, then the appeal bond was filed in time. If such proceeding was void, then the bond was not filed in time, and this court has no jurisdiction of the case.

Article 1372, Sayles' Revised Statutes, provides that "all motions for new trials, in arrest of judgments or to set aside judgments, shall be determined at the term of the court at which said motion shall be made." In the case of McKeen v. Ziller, 9 Texas, 58, the court in considering this same question said: "It is insisted that the statute is directory, and that it was in the power of the court to postpone to the next term, and then act upon the motion for new trial. We cannot so regard it. We think the mandate of the law is peremptory, and must be obeyed, and at the end of the term, the motion, not having been acted upon, is discharged by operation of law." "The suspension of the judgment was consequent upon the continance of the motion. The one was but incidental to and was dependent upon the other. But the judge not having the legal authority to continue the motion, the order for that purpose, and that made dependent upon it, were alike void." To the same effect, see Bullett v. Ballew, 9 Texas, 500; Rule 71 governing District Courts.

From the 9th Texas to the present time, it has been repeatedly held that a motion for new trial will not be granted at a subsequent term, "unless the applicant can show that he was prevented from making a valid defense to the cause of action, or that the judgment was rendered by fraud, accident, or by an act of the opposite party, unmixed with fraud or negligence on his part;" and then a new suit must be instituted to reopen the case. Eddleman v. McGlathery, 74 Texas, 280; Merrill v. Roberts, 78 Texas, 28; Weaver v. Vandervanter, 84 Texas, 691.

We feel constrained to hold in this case, under the authorities above cited, that the action of the District Court upon the motion for new trial was void; and that the failure of the appellant to file his bond within twenty days after the rendition of the judgment leaves this court without jurisdiction, and for this reason the appeal must be dismissed.                              *Dismissed.*

Delivered September 14, 1895.