## N. L. CLEMENTS ET AL. v M. E. BUCKNER.

### Decided April 14, 1904.

**Motion for New Trial—Appeal.**

A motion for new trial which is not passed on during the term in which it is filed but continued, is discharged by operation of law upon adjournment of court for that term and any subsequent action of the court with reference thereto was without jurisdiction and void, and appeal must be taken within the time limited from the date of the judgment, not from that of overruling the motion.

Appeal from the District Court of Shelby. Tried below before Hon. Tom C. Davis.

*D. M. Short & Sons,* for appellants.

*R. S. Bryarly,* for appellee.

### ON MOTION FOR CONCLUSIONS.

GARRETT, CHIEF JUSTICE.—The appeal in this case was dismissed upon the motion of the appellee for the want of jurisdiction, the appellants, having failed to file an appeal bond within the time prescribed by law. The judgment appealed from was rendered at the January term, 1903, of the District Court of Shelby County. A motion for a new trial was seasonably filed but the court adjourned on February 7, 1903, without having acted on the motion, except that there appears in the record without date the following order: "Buckner. v. Clements et al.—On the matter the motion of a new trial in said cause by consent of the parties, the same is to be under advisement to the next term of the court." At the next term of the court commencing July 13, 1903, and ending August 15, 1903, the plaintiff, by a motion filed July 13th, moved the court to strike the motion for a new trial from the docket and that the judgment rendered January 6, 1903, be held to be the final judgment. But the court overruled the motion, to which the plaintiff excepted; and having taken up and considered the motion for a new trial the court also overruled it and the defendants excepted and gave notice of appeal, and on September 4, 1903, filed an appeal bond which was approved by the clerk. It appears from affidavits filed in this court that on call of the motion docket at the January term this motion was called but not read to the court; that the court asked for the consent of parties that it might be continued until the next term; but the plaintiff objected and finally consented only when the court told him that if he did not consent the court would grant a new trial then. The appellant contends that the motion was under submission and was taken over for advisement, as the record shows, and it is so considered by this court. It is the opinion of the court that the motion was discharged by operation of law upon adjournment of the court below. Any subse-

quent action of the trial court with reference thereto was without juris-diction and void. Rev. Stats., art. 1374; Luther v. Telegraph Co., 60 S. W. Rep., 1029; Lightfoot v. Wilson, 32 S. W. Rep., 331; Mc-Kean v. Ziller, 9 Texas, 58. It follows that the appeal bond was not filed within the time prescribed by law and that this court is without juris-diction of the appeal.