## ANTHONY BRADFORD V. TOM MALONE.

Decided March 5, 1908.

**1.—Judgment—Entry Nunc pro Tunc—Evidence.**

The entry of a judgment *nunc pro tunc* may be based upon oral testimony or the recollection of the judge who tried the case. It is not indispensable that there should be some memorandum or entry in the record of the fact of its former rendition.

**2.—Motion for New Trial—Postponement to Subsequent Term—Statute Construed.**

The provisions of article 1374, Revised Statutes, to the effect that all motions for new trial, in arrest of judgment, or to set aside a judgment, shall be determined at the term of court at which such motion is filed, are mandatory, and cannot be annulled by an agreement to the contrary. A trial court can have no jurisdiction at a subsequent term to pass upon a motion for new trial filed at a former term.

**3.—New Trial—Subsequent Term—Equitable Proceeding.**

When an unjust judgment has been obtained by fraud, accident or mistake, and it is made to appear that the party against whom it was rendered was not guilty of negligence, that he has a meritorious defense, and that a different result would probably be reached by a new trial, a court of equity may, in the exercise of its powers, set such judgment aside, and reopen the case for trial upon its merits. A motion for new trial at a subsequent term considered, and held deficient in equity.

Appeal from the County Court of Milam County. Tried below before Hon. John Watson.

*Cox & Cox* and *G. Tiff. Moore,* for appellant.—Only by some entry or memorandum on or among the records of the court can the rendition of a judgment be proven. An entry must somewhere be found and produced in court, apparently made by the authority of the court. It must be in some book or record required by law to be kept in that court. Miller v. Richardson, 38 Texas, 503; Ximenes v. Ximenes, 43 Texas, 466; Cameron v. Thurmond, 56 Texas, 22; Railway Co. v. Haynes, 82 Texas, 456; Wheeler v. Duke, 67 S. W., 909; Frank v. Tatum, 23 S. W., 312, 313; Freeman on Judgment, 61.

The court erred in sustaining the special exception of plaintiff, Tom Malone, in his first supplemental motion, to so much of the answer of the defendant Anthony Bradford, as seeks to re-open the alleged judgment in this cause, of date August 6, 1907. Nichols v. Dibrell, 61 Texas, 542; McFarland v. Hall, 17 Texas, 691; Janes v. Langham, 33 Texas, 607; Dowell v. Winters, 20 Texas, 797; Field v. Fisher, 62 Texas, 69; Scrivner v. Malone, 30 Texas, 775.

No brief for appellee.

RICE, ASSOCIATE JUSTICE.—This case originated in the Justice's Court from which it was appealed to the County Court, where appellee filed his motion to enter judgment *nunc pro tunc* May 29, 1907, alleging that on the 6th day of August, 1906, this case was duly tried in said County Court by the judge thereof, and judgment rendered in his favor against appellant for the sum of $145.58, with six percent interest thereon from January 1, 1902, together with costs of suit and foreclosure of landlord's lien upon a certain mare and crop levied upon by virtue of a distress warrant issued in said case; that thereafter on the 11th day of August, 1906, the said appellee, as defendant in said cause, filed a motion for new trial therein, which was never acted upon by the court, and by reason of the expiration of said term of court was, in effect, overruled. Appellee further alleged that through his counsel a decree was duly prepared therein which was submitted to and approved by the court, and that the same, together with the papers in the cause, were handed by his counsel to the clerk, who was requested to enter said judgment upon the minutes, but that by inadvertence of said clerk, said judgment was not entered upon the minutes of the court, which fact appellee did not learn until the 27th of May, 1907, and that said failure to record the same did not arise by any act of negligence or omission on the part of appellee or his counsel. And that said decree so prepared by him and appellant's motion for new trial are now among the papers in said cause, and asked that said judgment be entered *nunc pro tunc*.

Appellant on the 11th day of June, filed an answer to said motion, together with a cross-action in the nature of a bill of review, asking that said cause be re-opened for trial on its merits. Said answer contained a special exception to said motion to enter judgment *nunc pro tunc* on the ground that it did not allege the existence of any entry or memorandum thereof in any book or record required by law to be kept in said court, which would authorize an entry of said judgment; also a general denial, likewise special answer denying that there was ever any such entry or notation upon any record of the entry of such a judgment; and in his cross-action appellant set up the fact that in the Justice's Court from which the case had been appealed, he had obtained judgment against appellee, from which he had appealed to the County Court in 1901; that about the time said cause was appealed to the County Court of Milam County, there was pending in the District Court, of said county a suit between him and appellee of trespass to try title, involving the title of the land for which the rent in this case is claimed to be due, but that some character of agreement, the nature and extent of which he was unable to state, was made between his said attorneys in said cause in the District Court and the appellee's attorney, to the effect that this case should remain in retirement upon the docket of the County Court until the final determination of the land suit in the appellate court; that on the 6th day of August, 1906, subsequent to the disposition of the land case in the appellate court, but it does not appear how long thereafter, appellee's attorney went to one of appellant's attorneys and stated to him that he desired to call this case up for disposition at the August term, 1906, of the County Court; whereupon said attorney replied that another member of his

firm had this case in charge and to see him, and whatever he did about it would be all right; that afterwards appéllee's counsel did see the second member of the firm, to whom he had been referred, who in turn stated that he knew nothing about the case, and referred him back to the member he first addressed upon the subject, but that appellee's attorney did not return to the attorney first seen, but instead took the judgment now alleged to exist, informing one of appellant's attorneys with whom he had spoken, thereof, but he himself did not learn of said judgment against him until the 11th of August, 1906; that late in the afternoon of the last day of the term of court, one of his counsel who on August 11, 1906, filed a motion for new trial in said court, declined to further represent appellant, stating to him that he had better get another attorney, which he immediately did, but that it was then too late before the final adjournment of the court for his said attorneys then employed to secure the papers in the cause, and advise themselves of the merits of the case, and argue said motion, and that the court adjourned for the term before said motion for a new trial was presented to it. Defendant further alleged that he had a good and lawful defense against said action, setting the same out in detail, and praying that the court reopen the case and enter a decree to the effect that the judgment formerly entered against him be declared a nullity, and that the case stand for trial on the docket of the court in its regular order, and that he be granted an opportunity to make his defense; but that the court, after hearing the evidence, overruled appellant's motion, and entered an order allowing said judgment to be entered *nunc pro tunc,* as prayed for by appellee.

Appellant by his first assignment complains of the action of the court in overruling his special exception to plaintiff's motion to enter judgment *nunc pro tunc,* because he contends that said motion nowhere alleges the existence of any entry or memorandum thereof in any book or record required by law to be kept in the County Court. And by his third assignment he complains of the action of the trial court in sustaining said motion to enter judgment *nunc pro tunc,* because there was no evidence of any entry or memorandum thereof in any book or record required to be kept in the County Court. These assignments practically raise the same question, and, therefore, may be treated together. The facts found by the court, sustain the averments of the motion.

In Slayden v. Palmo, 13 Texas Ct. Rep., 964, a similar question was passed upon, and it was there held that a judgment may be properly based upon the recollection of the judge who rendered the original judgment, and that it was not necessary that there should be any memorandum or entry in any record of the fact of its rendition.

In the case of Railway Co. v. Roberts, 10 Texas Ct. Rep., 290, Chief Justice Gaines, speaking for the Court, says: "That a court has the continuing power, after adjournment, to correct its minutes and to make them speak the truth by the entry of an order that has in fact been made, or a judgment that has actually been rendered, but which has been omitted from its minutes, the authorities all agree; but upon the question whether this can be done in the absence of written evidence, the decisions are in hopeless conflict." And, reviewing the case

of Blum v. Neilson, 59 Texas, 378, he says: "The precise question was passed upon by this Court, and was there held that although there was no entry upon the judge's docket and no memorandum of such order had been preserved, the order was properly entered *nunc pro tunc* upon oral testimony and the recollection of the judge." Again, Judge Gaines in the same opinion, says: "That an order of the court which did not appear upon its minutes, and of which there was no written memorandum upon the judge's docket or elsewhere, could be established by oral evidence, was held by this Court at an early day in State v. Womack, 17 Texas, 238; in which case the defendant in a criminal prosecution had been adjudged guilty, a fine had been assessed against him and he had been committed to jail until the fine and costs should be paid. At a subsequent day of the term he was brought into court by its direction, and the sheriff was ordered to discharge him, which he did. This order was not entered on the minutes of the court, and no memorandum thereof was made. At a subsequent term the district attorney procured a rule upon the sheriff to show cause why he should not be adjudged to pay the fine and costs. The defendant was permitted to show by parol that the court ordered the release of the prisoner, and the rule was discharged."

"In ex parte Wight, 134 U. S., 136, a writ of habeas corpus was applied for to secure the discharge of the petitioner, who had been condemned by a judgment of the District Court of the United States to confinement in the penitentiary for a term of five years. The nullity of the conviction was claimed upon the ground that the latter court, when it rendered the judgment, had no jurisdiction of the case. The question of jurisdiction 'was made to turn upon the validity of the entry *nunc pro tunc* of an order of the Circuit Court to which it had been referred remanding the case to the District Court. The entry of the order was assailed for the reason: That there was nothing appearing in writing in the proceedings in the case showing that the Circuit Court had made such an order; but the Supreme Court of the United States held that the entry of the judgment of the court was properly made at a succeeding term upon the recollection of the judges who made it."

We therefore conclude upon the authority of the cases cited, that the trial court did not err in entering the judgment *nunc pro tunc* based upon oral testimony, and overrule both of these assignments.

By his second assignment of error appellant insists that the court erred in sustaining an exception to that part of his answer seeking to reopen the judgment rendered against him in the County Court. It appears from the allegations of appellant's motion that there was an agreement between counsel representing the parties, that this case should not be tried during the pendency of the appeal of the land case, but it appears therefrom that the land case had been determined, and there is no averment showing how long the same had been disposed of at the time judgment was actually taken in this case; and it likewise appears from said motion that counsel for appellee, before judgment was taken, went to two members of the firm of lawyers representing appellant, and notified each of them that he wanted to take up the case for trial at that term of court, but that he was referred by the

first member consulted to another member of the firm, who in turn, referred him back to the first one- he had seen; that he then went into court and took judgment, immediately notifying one of the members of said firm with whom he had just previously spoken about it. It further appears that at the same term of court, but five days thereafter, one of said attorneys for appellant filed a motion for new trial of said cause, and no excuse is shown why the motion was not filed earlier. While it is alleged that late in the afternoon of the day upon which the court adjourned that the attorney so filing said motion declined to further represent appellant, who immediately thereafter procured other counsel who, it is alleged, were unable to present said motion for the consideration of the court, because of their failure to find the court papers and familiarize themselves with the merits of said motion before the adjournment of the court, still it is not alleged that said papers were essential for this purpose. It is true that appellant alleges that he himself was not apprised of the judgment rendered against him until the filing of his motion for new trial, which occurred five days after the rendition of said judgment, but two of his counsel were advised that the case was being pressed for trial at that term, and one was actually advised that the judgment had been rendered immediately after its rendition, and no action was taken to defend the same, nor motion to set aside the judgment made until five days thereafter.

The law imputes to appellant notice of such facts as were within the knowledge of his counsel; and it seems to us that these facts are sufficient to impute to him a want of diligence in the presentation of his defense on the merits, as well as in failing to procure a consideration of his motion for new trial at the term of the court in which the judgment was rendered. All motions for new trials must be made within two days after rendition of a verdict; and article 1374 of the Revised Statutes also provides that all motions for new trial, in arrest of judgment or to set aside a judgment, shall be determined at the term of the court at which such motion shall be made. While it is true that counsel for appellee agreed with counsel for appellant that said motion might be taken up and passed upon at a subsequent term of the court, still this did not authorize the court at a subsequent term to pass upon said motion. It has been held that article 1374 is mandatory, and that the trial court has no power at a subsequent term to pass upon a motion for a new trial filed at a former term.

In McKean v. Ziller, 9 Texas, 58, our Supreme Court, in passing upon a similar question, said: "It is insisted that the statute (meaning the one under consideration) is but directory, and that it was within the power of the court to postpone to the next term and then act upon the motion for new trial. We cannot so regard it. We think the mandate of the law is peremptory and must be obeyed, and that at the end of the term, the motion not having been acted upon, was discharged by operation of law. The judge had no authority to continue the motion. The order for that purpose and that made dependent upon it were void."

In Luther v. Western Union Tel. Co., 60 S. W., 1026, where an express order had been made by the trial judge carrying the motion

over to a subsequent term of the court for argument thereon, even against the consent of the party making the same, it was held that the court had no, authority to continue the motion to a subsequent term. To like effect are Overton v. Blum, 50 Texas, 423, and Eddleman v. McGlathery, 74 Texas, 280.

But it is insisted by appellant that sufficient equities are shown in his motion to entitle him to reopen the case for trial upon its merits. It has been held by our courts that where a judgment has been obtained by fraud, mistake or accident, and without any want of proper diligence upon the part of the party against whom it is rendered, the court in the exercise of its equitable powers may grant relief by reexamining the case on its merits, and grant such relief as equity and justice may require, especially where it is shown that the party aggrieved has a just and meritorious defense. This rule, however, can not be invoked where the party seeking relief thereunder, has been guilty of negligence in presenting his defense.

In the present case no fraud, mistake or accident is alleged nor is there any shown. It is true that a pending agreement between counsel representing the respective parties to continue this case until the disposition of the land case is shown, but it likewise appears from the testimony that subsequent to the disposition of said land case, counsel representing appellant were notified that this case would be called for trial at that term of the court. It appears likewise that the case had been set, and one of appellant's counsel had notice thereof. It has been held that to obtain a new trial after the expiration of the term, that something more than injustice has probably been done must be shown. It must appear, among other things, that the former judgment was not caused by any negligence of him who seeks to set it aside, but that diligence was used to prevent it.. (Johnson v. Templeton, 60 Texas, 238).

In the case of Merrill v. Roberts, 78 Texas, 28, Judge Stayton announces the rule to be that, "Relief will not be granted unless the party seeking it can show that he was prevented from making a valid defense to the action in which the judgment has been rendered against him by fraud, accident, or the act of the opposite party, unmixed with fault or negligence on his part. He must be able to impeach the justice and equity of the verdict of which he complains, and show also that there is good grounds to believe that a different result would be attained by a new trial."

It seems to us, after consideration and review of the cases above cited, that appellant does not bring himself within the rule therein announced, and that he is not entitled, under the facts of this case, to the relief asked.

We do not believe there is any merit in the fourth assignment, and overrule the same without discussion.

Failing to find any such error in the action of the trial court as will warrant a reversal of this judgment, the same is affirmed.

*Affirmed.*