COONEY v. ISAACKS et al. (No. 429.)

(Court of Civil Appeals of Texas. El Paso. Jan. 28, 1915. Rehearing Denied Feb. 25, 1915.)

1. COURTS ⊚⟞207—JURISDICTION—COURTS OF CIVIL APPEALS.
   Under Const. art. 5, § 6, giving the Courts of Civil Appeals "such other jurisdiction, original, * * * as may be prescribed by law," and Rev. St. arts. 1592, 1595, passed thereunder, providing that Courts of Civil Appeals and the judges thereof shall have power to issue writs of mandamus to compel district courts to try cases agreeably to law, Courts of Civil Appeals may require a district court to proceed to trial, and may direct the rulings on points of law and fact to be made therein, the statute in effect giving Courts of Appeals original jurisdiction in cases to which the writ theretofore had not been applied.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. ⊚⟞207.]

2. PLEADING ⊚⟞214—ADMISSIONS ON DEMURRER.
   Allegations in a petition must be taken as true upon demurrer.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. ⊚⟞214.]

3. MANDAMUS ⊚⟞4—REMEDY BY APPEAL OR WRIT OF ERROR—CORRECTION OF ABUSES OF DISCRETION.
   Where the district court had not been guilty of gross abuse of discretion, its action in dismissing the case after entry of a default judgment against defendant was not subject to control by mandamus, the defendant having adequate remedy by appeal or writ of error, the absence of any other legal remedy being a prerequisite to mandamus.
   [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 9–21, 24–34; Dec. Dig. ⊚⟞4.]

4. MANDAMUS ⊚⟞4—DISTRICT COURTS—RECORD—CORRECTION OF ERROR.
   The action of the district court in striking from its files defendant's answers and motions

was not controllable by original mandamus from the Court of Civil Appeals; defendant's remedy was by appeal or writ of error, and mandamus and certiorari thereunder, to compel restoration of the record, and its certification to the Civil Court of Appeals, for while no court can be made to correct its records it can be prevented from destroying them to the injury of litigants.
   [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 9–21, 24–34; Dec. Dig. ⊚⟞4.]

5. CLERKS OF COURTS ⊚⟞67—DISTRICT COURTS — DUTIES OF CLERKS — INTERFERENCE OF JUDGE.
   The judge of a district court has no authority to interfere with the clerk's duty to file all papers, and, under the direct provision of Rev. St. art. 2118, to docket all motions, although amendments to pleadings may be filed only by leave of court.
   [Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 101–108; Dec. Dig. ⊚⟞ 67.]

6. COURTS ⊚⟞207—DISTRICT COURT—CORRECTION OF RECORD BY COURT OF CIVIL APPEALS—MANDAMUS.
   However false the minutes of a district court may be, they cannot be corrected by a Court of Civil Appeals by mandamus on petition of a party; but this can be done only in direct proceedings for the purpose.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. ⊚⟞207.]

7. MANDAMUS ⊚⟞31—DISTRICT COURTS—ACTION ON MOTION FOR NEW TRIAL.
   Before expiration of the term of court at which judgment was entered, a district court may be compelled by mandamus, upon petition to a Court of Civil Appeals, to hear and act upon a motion for new trial.
   [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 74, 75; Dec. Dig. ⊚⟞31.]

8. REMOVAL OF CAUSES ⊚⟞99—REMOVAL TO FEDERAL COURT AFTER ENTRY OF JUDGMENT IN STATE COURT.
   Where final judgment in a state court has been rendered on the pleadings, there is no cause left for removal for trial to a federal court, so that the judge of the state court cannot justify his refusal to hear a motion for a new trial on the ground of a removal.
   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 212; Dec. Dig. ⊚⟞99.]

9. MANDAMUS ⊚⟞10—EXISTENCE OF RIGHT—MOTION FOR NEW TRIAL—TIME FOR MAKING.
   When the term of the district court, at which a judgment was entered, had expired, under Rev. St. art. 2025, requiring that motions for new trial must be heard at the term of court at which they are made, any order of a Court of Civil Appeals, requiring that such motion be heard, would have been void for lack of authority.
   [Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 37; Dec. Dig. ⊚⟞10.]

10. MANDAMUS ⊚⟞3—REVIEW OF REFUSAL OF COURT TO HEAR MOTION FOR NEW TRIAL—PROPER REMEDY.
   The refusal of a district court to permit the filing of a motion for a new trial and to hear the same cannot be properly presented on appeal, but furnishes adequate ground for a direct proceeding to set the judgment aside as for fraud, etc.
   [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 8, 10, 11, 16–34; Dec. Dig. ⊚⟞3.]

11. APPEAL AND ERROR ⊚⟞456—ANCILLARY REMEDIES—MANDAMUS TO COMPEL RESTORATION OF FILES OF DISTRICT COURT.
   After jurisdiction of a case has been given the Court of Civil Appeals by appeal or writ

⊚⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of error, it can issue mandamus on proper showing, ordering the restoration of papers to the files of the lower court, so that defendant may present a record adequate to display errors prejudicial to him.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2215; Dec. Dig. ☞456.]

**12. COURTS ☞116 — DISTRICT COURTS — APPEAL—POWERS NOT REACHED—REMEDY.**

Such action by the trial court as cannot be reached by proceedings based on appeal or writ of error may be corrected by direct proceedings in the trial court itself, subject to appeal, final action upon which should be deferred until final disposition of the appeal, for, if it proves an adequate remedy for the party, he need prosecute no further his direct proceedings.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 369, 371–373; Dec. Dig. ☞116.]

Original petition for mandamus on the relation of P. Albert Cooney against S. J. Isaacks and another. Writ refused.

J. F. McKenzie, of El Paso, and Clay Cooke, of Pecos, for relator. S. J. Isaacks, of Midland, in pro. per. Ross & Hubbard, of Pecos, and Leslie A. Needham, of Chicago, Ill., for respondents.

PER CURIAM. This is a mandamus proceeding instituted in this court against Honorable S. J. Isaacks, judge of the Seventieth district court, of which district Reeves county is a part, Miss Willie De Woods, district clerk of said county, Pecos Valley State Bank, and John H. Morrow.

In a certain cause, pending in said court, entitled Van Deren et al. v. Cooney, No. 1293, a judgment has been rendered and entered in favor of interveners, the Bank and Morrow, against Cooney, in the sum of $15,876.83, with foreclosure of lien on realty. The judgment entered shows that it was a judgment by default. The petition for mandamus avers that answers had been filed which were by the court stricken from the files and leave to file answers refused, although Cooney, by his counsel, was present and praying that he be permitted to answer; that the court had theretofore refused relator's motion to dismiss the cause in accordance with agreements made by the original plaintiffs, and that this motion had been stricken from the files by the court; that a motion for new trial filed by relator had been stricken from the files, and the court had refused to permit it to be docketed, or to hear or determine same; that the court had refused to note exceptions to aforesaid actions, and a notice of appeal given; and that false entries had been made upon the minutes of the court, and the record caused to speak falsely and reflect facts which did not exist.

The respondents, by demurrers question the jurisdiction of this court to hear and determine the questions presented, urging that the petition shows that the writ should be denied upon the grounds that the conduct complained of is a matter of judicial discretion, which mandamus will not reach, and that the writ should be refused because of other existing remedies, by which the errors, if any, may be corrected.

Section 6, art. 5, of the Constitution of Texas, fixed the jurisdiction of this court as follows:

"Said Courts of Civil Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts, which shall extend to all civil cases of which the district courts or county courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law. * * * Said courts shall have such other jurisdiction, original and appellate, as may be prescribed by law."

The following laws prescribe the original jurisdiction:

Article 1592, Rev. Civ. Stat.: "The said courts and the judge thereof shall have power to issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts."

Article 1595, Rev. Civ. Stat. 1911: "The said courts, or any judge thereof, in vacation, may issue the writ of mandamus to compel a judge of the district court to proceed to trial and judgment in a cause, agreeably to the principles and usages of law."

[1] The Constitution and laws above quoted clearly give this court jurisdiction to, upon proper application, compel a judge of the district court "to proceed to trial and judgment in a cause agreeably to the principles and usages of law." All of the authorities are to the effect that the writ is available to require the court to proceed to trial, but not to declare how it shall rule upon the questions of law and facts presented.

If we are not to expressly declare how the trial court shall rule, i. e., declare what the law is in the given case and the form of the judge's ruling, and the order to be made, it would be useless to order a judge to try a cause "agreeably to the principles and usages of law"; for if he has not the mental capacity to understand and apply the law as it is, or if he would willfully and knowingly misapply the law, nothing less than express direction, with full power to compel compliance, would suffice. And even if the Legislature has given us the power by the above statute to expressly direct the trial court as to the law and the forms of his rulings and orders, it has not bestowed upon us the power to endow a judge with mental capacity to understand the directions given, nor that quality of conscience which impels an honest ruling, according to his understanding; so, without the latter power, the power which relator contends is given in the above statute is insufficient. But it seems evident that the Legislature had in mind the laws applicable to writs of mandamus, the purpose of the writ, and the manner of its enforcement, as it existed aforetime, and the evident purpose of this statute was to give this court original jurisdiction in cases to which the writ had not theretofore been applied, and, as we will hereinafter try to show, this is not one of the cases.

[2] That there has been a trial and a final judgment, there is no question; but that the trial, so had, was "agreeably to the principles and usages of law," unquestionably it was not, according to the allegations of the petition before us, and the allegations therein are to be taken as true upon demurrer. How far, then, will this court exercise its power? Or is it expedient or proper for this court to inquire into and determine at this time whether such trial has been agreeable to the principles and usages of law?

"It is well established that the writ is not to supersede legal remedies, but to supply the want of them. Two prerequisites must exist to warrant a court in granting this extraordinary remedy: First, it must appear that the relator has a clear legal right to the performance of a particular act or duty at the hands of the respondent; and, second, that the law affords no other adequate or specific remedy to secure the enforcement of the right and the performance of the duty which it sought to coerce." High's Extraordinary Legal Remedies, § 10 (2d Ed.) p. 15.

The same author, in section 30, p. 35, same volume, states the rule to be that, where a state has regulated the use of this remedy by statute, the courts will be governed by the same conditions and limitations which prevailed at common law, and will not issue the writ in cases where another adequate remedy is provided by law.

[3] This court cannot, in a proceeding of this kind, control the action of the trial court in refusing to dismiss the cause of Van Deren v. Cooney, as per the motion filed. It may be that in some instances mandamus will lie to revise the judicial conduct of a trial court, where he is guilty of a gross abuse of the discretion confided to him, or there is such an evasion of positive duty as amounts to a virtual refusal to perform a duty enjoined, or to act at all in contemplation of law, and there is no other adequate remedy. Arberry v. Beavers, 6 Tex. 472, 55 Am. Dec. 791; Meyer v. Carolan, 9 Tex. 250, at 255; Kleiber v. McManus, 66 Tex. 48, 17 S. W. 249. An appeal or writ of error furnishes a completely adequate remedy by which we may review the refusal to dismiss, and correct it, if erroneous.

[4, 5] With reference to those allegations relating to the action of the court in striking from the files motions and answers, and praying that they be restored to the files, it is sufficient to say that an independent mandamus here is not the proper manner of obtaining the desired end. If the case be brought before us by appeal or error, this court will then have ample authority by writs of mandamus and certiorari to compel restoration to the files of all papers which were stricken therefrom, and to require that copies thereof be certified to this court. When the jurisdiction of this court has once attached by either of the regular modes of appeal, it can make such order as may be necessary to protect the rights of the parties in those particulars. Wells v. Littlefield, 62 Tex. 28.

What has just been said, however, is not to be considered as a holding that we have authority to control and correct the records of the lower court. The correction of false and fraudulent entries upon the minutes must be made by direct proceeding for that purpose. Every court controls and makes its own records. But no court will be permitted to destroy its records; and to strike documents from the files has that effect. Parties litigant have the right to file such motions and papers as they see fit, for the purpose of perfecting their record and preserving their rights. Amendments to pleadings, of course, may be filed only under leave of the court in accordance with the statutes provided for such cases. The duty to file papers and docket motions rests with the clerk, and it is the duty of that official to file all papers tendered for filing, and to docket all motions filed. Article 2118, R. S. The judge of the court has no authority to interfere with this duty and no control over the actions of this official in respect to such matters.

[6, 7] It follows that while this court, by mandamus, can compel the restoration to the files of papers improperly stricken therefrom, after our appellate jurisdiction has attached, and, by certiorari, may bring the record thereof before it, yet we cannot change the minutes of the lower court, however false they may be, but this must be done by a direct proceeding.

There remains yet to be considered the prayer in the petition that Judge Isaacks be required to hear and act upon relator's motion for new trial. There is no doubt that a trial court may be compelled by mandamus to hear and act upon a motion for new trial, upon petition seasonably presented to a Court of Civil Appeals, prior to the expiration of the term of a trial court at which the judgment complained of was rendered. In this case, the trial court justified his refusal to hear and act upon the motion because a petition and bond for removal to the federal court was filed subsequent to the rendition of the judgment, and an order of removal had been made which deprived the state court of jurisdiction to act upon the motion. Since final judgment had been rendered, completely disposing of the case upon the pleadings, it would seem that there was nothing to remove to the federal court, and that the order of removal was absolutely void. New England Mfg. Co. v. Aughe, 12 Neb. 504, 11 N. W. 753.

[8] The United States District Court has no appellate jurisdiction over the state court, and what authority it would have to act further in the matter is not apparent. Cases are removed from the state courts to the United States Court for trial, and not for the revision and correction of errors, and, where the state court has already finally disposed of the issues and rendered its judgment, it would certainly seem that there

904 SOUTHWESTERN REPORTER

was nothing left to carry to the federal court upon which it might lawfully act.

[9] But however this may be is of no consequence, for it appears that the term of the court below has expired and it would be wholly useless to enter an order requiring the motion to be heard at the next term. Under article 2025, R. S., motions for new trial must be determined at the term of court at which such motions shall be made, and under no circumstances can the court hear and rule upon same at a subsequent term. Any attempt to do so, and any orders so made in relation thereto, would be void because of lack of jurisdiction and power in the court so to do. The failure or refusal of the court to act upon the motion at the term at which it is made is in effect an overruling of the motion. McKean v. Ziller, 9 Tex. 58; Lightfoot v. Wilson, 11 Tex. Civ. App. 151, 32 S. W. 331; Luther v. Tel. Co., 25 Tex. Civ. App. 31, 60 S. W. 1026; Clements v. Buckner, 35 Tex. Civ. App. 497, 80 S. W. 235; Bank v. Betterton, 5 Tex. Civ. App. 355, 24 S. W. 326.

[10] The right to file a motion for new trial and have same acted upon by the court is valuable and necessary to adequately preserve the party's rights in case of an appeal of the cause. The refusal of the court to permit the filing of such motion and to act upon same would in many respects and instances prevent a party from perfecting his record, so as to properly present to the appellate court the errors of which he complains, because upon appeal the motion for new trial constitutes in some instances the assignments of error. As to such errors, the remedy by appeal is inadequate, but it would furnish adequate cause for setting the judgment aside in a direct proceeding, and based upon fraud or other equitable grounds. Eddelman v. McGlathery, 74 Tex. 281, 11 S. W. 1100; Ragsdale v. Green, 36 Tex. 194; Weaver v. Vandervanter, 84 Tex. 691, 19 S. W. 889. If the facts alleged in this petition be true, rights of the relator have been violated, but he is not without adequate remedies. Under our system of jurisprudence, there is in all cases an adequate remedy by which parties are afforded an opportunity of having their rights declared and wrongs righted. If this be not true, then the administration of justice is indeed lame and deficient.

[11] Appellant urges that he has given notice of appeal to this court, and that in aid of its jurisdiction the writ should be issued, because without the matters expunged from the record by the arbitrary act of the judge, and by reason of the failure and refusal by the district clerk to file the papers offered, he cannot upon appeal present the questions necessary to have the action of the lower court reviewed in all instances of reversible error. Before this court will grant the writ in aid of its jurisdiction, the jurisdiction must first attach, by a compliance with the law of appeal by the party seeking to have a cause reviewed, because this court does not indulge in idle ceremony, and the cause may never be appealed, and, if not appealed, then to require the parties to act would be useless, and because this court has no control of the cause until its jurisdiction has attached. After jurisdiction attaches upon an appeal or writ of error, this court has full control of the cause, and can make such orders concerning it as may be necessary to preserve the rights of the parties and enforce its mandates. Wells v. Littlefield, 62 Tex. 30.

As will be seen by an inspection of the law applicable, after jurisdiction attaches, by mandamus or certiorari, this court can perfect the record on file here to the end that either party to the appeal may have the proper or necessary papers before the court for its consideration. Article 1593, Rev. Civ. Stat. 1911, and authorities cited in Vernon's Sayles' under said article, vol. 1, p. 810.

The writ must be denied:

First. Because cause No. 1293, Van Deren v. Cooney, may be brought to this court by appeal or upon writ of error, in which proceeding we may by mandamus cause to be restored to the files all documents improperly stricken therefrom, and by certiorari compel the clerk of the trial court to certify them to this court, and with the complete record of the lower court before us review and revise its alleged errors; and

[12] Second. Because, as to all those matters for which the error proceedings do not furnish an adequate and complete remedy, the same may be reached by a direct proceeding instituted in the trial court, based upon equitable grounds, final action upon which should be deferred until final disposition be made of the error proceedings. If the error proceedings prove an adequate remedy, direct proceedings need not be further prosecuted.

It might be well to state that we disclaim any intention to reflect, in any way, upon the trial judge who sat in the case, the records of which are sought to be corrected, by anything which is written in the above opinion; our intention being to confine ourselves to principles of law and not to persons.