WHITE v. DAY et al.    (No. 2397.)

(Court of Civil Appeals of Texas. Texarkana. March 17, 1921.)

I. New trial ⬤⟿156—Motion discharged by operation of law when term ended, and cannot be continued.

Motion for new trial was discharged by operation of law when the term at which the judgment was rendered ended, and the act of the trial court in continuing the motion to the next term was unauthorized and void.

2. Appeal and error ⬤⟿430(1)—Court without power to determine appeal, where it does not appear proper notice of appeal given.

The Court of Civil Appeals is without jurisdiction to hear and determine the appeal, where it does not appear that notice of appeal was given as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 2084.

3. Appeal and error ⬤⟿395—Court cannot determine appeal not perfected by filing of appeal bond within time.

The Court of Civil Appeals is without power to hear and determine an appeal which was not perfected by filing of an appeal bond within the time required by Vernon's Sayles' Ann. Civ. St. 1914, art. 2084.

Appeal from Wood County Court; Ben F. Cathey, Judge.

Action between B. B. White and D. O. Day and others. From judgment for the latter, the former appeals. Appeal dismissed.

W. D. Suiter, of Winnsboro, for appellant.
M. D. Carlock, of Winnsboro, for appellees.

WILLSON, C. J. It appears from the record that the judgment from which this appeal was prosecuted was rendered at the November, 1919, term of the county court; that the motion for a new trial filed by appellant during that term was "by agreement of all parties" continued to the April, 1920, term, and was overruled May 17, 1920, when notice of an appeal was given for the first time; that the appeal bond was filed May 19, 1920; and that the transcript was filed in the Court of Civil Appeals August 16, 1920. When the November, 1919, term and when the April, 1920, term ended is not shown in the record.

Article 2025, Vernon's Statutes, is as follows:

"All motions for new trials, in arrest of judgment, or to set aside a judgment, shall be determined at the term of the court at which such motion shall be made."

In McKean v. Ziller, 9 Tex. 58, decided in 1852, the trial court took the defendant's motion for a new trial under advisement, continued the case until the next term, declared all further proceedings on the judgment stayed until the motion should be decided, and at said next term granted the motion. Later the plaintiff moved the court to dismiss the case from the docket and award execution on the judgment theretofore rendered. The plaintiff declining to proceed further when his motion was overruled, the court dismissed the case for the want of prosecution, whereupon the plaintiff prosecuted the appeal. In disposing of it the Supreme Court, construing the statute set out above, said:

"It is insisted that the statute is but directory, and that it was within the power of the court to postpone to the next term, and then act upon the motion for a new trial. We cannot so regard it. We think the mandate of the law is peremptory, and must be obeyed, and that, at the end of the term, the motion, not having been acted on, was discharged by operation of law. The suspending of the judgment was consequent upon the continuance of the motion. The one was but incidental to, and was dependent upon, the other. But the judge not having the legal authority to continue the motion, the order for that purpose and that made dependent upon it were alike void."

The construction given the statute by the Supreme Court in the opinion from which the quotation is made has since been repeatedly approved as correct by the courts of this state. Bullock v. Ballew, 9 Tex. 500; Laird v. State, 15 Tex. 317; Wilcox v. State, 31 Tex. 587; Bass v. Hays, 38 Tex. 128; Dial v. Collins, 40 Tex. 367; Carter v. Van Zandt County, 75 Tex. 286, 12 S. W. 985; Lightfoot v. Wilson, 11 Tex. Civ. App. 151, 32 S. W. 331; Town v. Guerguin, 93 Tex. 608, 57 S. W. 565; Luther v. Tel. Co., 25 Tex. Civ. App. 31, 60 S. W. 1026; Clements v. Buckner, 35 Tex. Civ. App. 497, 80 S. W. 235; Bradford v. Malone, 49 Tex. Civ. App. 440, 130 S. W. 1013; Rogers v. Dickson, 176 S. W. 865; Hester v. Baskin, 184 S. W. 726; Grubbs v. Marple, 185 S. W. 597.

[1-3] The effect of the decisions cited is to determine that the motion for a new trial in the instant case was discharged by operation of law when the term at which the judgment was rendered ended, and therefore that the act of the trial court in continuing the motion to the next term was unauthorized and void. It follows that this court is without power to hear and determine the appeal: First, because it does not appear that notice of an appeal was given as required by law (art. 2084, Vernon's Statutes; Ry. Co. v. McDonald, 31 S. W. 72); and, second, because the appeal was not perfected by the filing of an appeal bond within the time required by law. Article 2084, Vernon's Statutes; Sanger v. Burke, 44 S. W. 871. Therefore this court, being without jurisdiction of the appeal, cannot do otherwise than dismiss it.