### VAN SLYCK v. LAWYERS' CO-OP. PUB. CO.
### (No. 10446.)

Court of Civil Appeals of Texas. Dallas.
Nov. 17, 1928.

John W. Craig, of Dallas, for plaintiff in error.

George Sergeant, of Dallas, for defendant in error.

JONES, C. J. This suit was instituted by Lawyers' Co-operative Publishing Company, plaintiff, in a county court of Dallas county at law, on September 4, 1926, against Karl Van Slyck, as defendant, on an indebtedness alleged to be due plaintiff in the sum of $350.-30. The suit was based upon a verified open account, attached as an exhibit to the petition. The petition was answered by defendant by general demurrer, special exceptions, a general denial, and a special plea of the statutes of limitation. The answer contained no admission whatever that any indebtedness at any time was due plaintiff.

The cause came on regularly for hearing on the 5th day of January, 1928, at which time judgment was entered in favor of plaintiff for the sum of $350.30, with interest at the rate of 6 per cent. per annum. The judgment recites that plaintiff appeared by its attorney of record and announced ready for trial, but that the defendant, "although having heretofore answered herein, failed to appear, but wholly made default." The judgment further recites that:

"The matters in controversy of law and of fact were submitted to the court, who after hearing the pleadings read, the evidence introduced and the argument of counsel, and who after duly considering same, is of the opinion and so finds, that defendant is indebted to the plaintiff in the sum of $350.30, and that the law is for the plaintiff," etc.

On January 21, 1928, defendant filed a motion to set aside the judgment, in which is

contained allegations tending to excuse the default made by defendant at the time of the trial, and to absolve himself from any negligence in relation thereto. The allegation in the motion, in reference to a meritorious defense, consisted of an allegation that his plea of limitation was on file with the papers of the case, and that it was apparent from the record that no valid judgment could have been rendered against him because of this plea of limitation and his prayer for judgment thereon; that this was apparent because the verified account upon which this suit is based showed on its face that all items of such account long before the filing of the suit had become barred by the statutes of limitation.

The verified account, forming the basis of the suit, showed indebtedness on open account for items accruing during the years 1908, 1909, and 1910, respectively, and hence every item of indebtedness entering into plaintiff's claim was destroyed as a recoverable debt by this plea of limitation. On March 2, 1928, during the term of court in which the judgment was entered, the court entered an order overruling defendant's motion to set aside the judgment. On March 3, 1928, the last day of such term, an order was entered setting aside the order overruling the motion, and an order entered to the effect that hearing on defendant's motion to set aside the judgment was postponed without prejudice until the next term of court. The record contains no further orders of the court in reference to the status of the judgment entered in this cause. The defendant duly filed a petition and bond perfecting his writ of error to this court.

Plaintiff has filed a motion to suppress defendant's briefs and dismiss the writ of error, on the theory that the briefs contain no assignments of error, and that, under rule No. 23 of the Courts of Civil Appeals, the appeal should be dismissed, as no fundamental error is apparent on the face of the record. This motion was passed by this court for consideration with the main case. Defendant's theory is that the order of the court, in attempting to carry his motion for a new trial over to the next term of court, is void, and that the effect of such order was to cause the motion to be overruled by operation of law; that the grounds urged in his motion for a new trial became and are his assignments of error; also that the record discloses fundamental error, in that plaintiff's petition shows on its face that the cause of action alleged therein was barred by the statutes of limitation at the time the suit was filed, and that this cause of action was destroyed by the plea of limitation urged against it, and that the judgment entered was not on any cause of action pleaded.

The decisions are uniform that section 4 of article 2232, which declares that every motion for a new trial shall be determined at the term of the court at which it is made, is mandatory. McKean v. Ziller, 9 Tex. 58; Lightfoot v. Wilson, 11 Tex. Civ. App. 151, 32 S. W. 331; Luther v. W. U. Tel. Co., 25 Tex. Civ. App. 31, 60 S. W. 1026; Bradford v. Malone, 49 Tex. Civ. App. 440, 130 S. W. 1013; White v. Day (Tex. Civ. App.) 230 S. W. 843; Southern Surety Co. v. Brown (Tex. Civ. App.) 245 S. W. 90. It necessarily follows that the order postponing the motion for a new trial to the succeeding term of court is void, and that the effect is to render the original judgment final at the close of the term of court in which it was entered. The pending motion for rehearing could have no vitality after the adjournment of the term and must be considered, either as overruled by operation of law or as abandoned by the defendant. Rogers v. Dickson (Tex. Civ. App.) 176 S. W. 865; White v. Day, supra; La Clede Nat. Bank v. Betterton, 5 Tex. Civ. App. 355, 24 S. W. 326. We believe it affirmatively appears from the record that defendant did not abandon his motion for a new trial. The order of the court, carrying the motion over without prejudice, clearly warrants this conclusion. The inference is also clear that defendant was in court on the last day of its term, demanding final action on his motion for a new trial, and that the court was unwilling to act on such motion at that time, and hence the order of postponement to the succeeding term. The result is that the motion must be considered as overruled by operation of law, and the grounds for a new trial set up in the motion may be treated as assignments of error.

Does the record disclose fundamental error? We think so. It appears therefrom that the suit is on a verified open account, and that every item in the account had matured for payment at least 15 years previous to the filing of the suit. The record discloses that a plea of limitation was filed as a defense to the claim of recovery on the alleged indebtedness. This plea of limitation destroyed the cause of action pleaded by plaintiff, and was an effectual bar to any recovery on the alleged cause of action. The judgment recites, in effect, that it was rendered on the pleadings of the parties and on the evidence adduced. Under the issues made by plaintiff's petition, the only evidence to be tendered by plaintiff was the verified account, and it is to be presumed, where defendant defaulted in his appearance, that the court only admitted such evidence authorized by the petition. This account, when introduced in evidence, conclusively established the fact that it was barred by limitation, and recovery on it defeated by the plea of limitation filed by defendant. It thus affirmatively appears from the record that the only judgment to be entered in this cause is a judgment in favor of defendant on his plea of limitation. We therefore are of the opinion that the court was in error in entering judgment in favor

of plaintiff, and should have entered judgment in favor of defendant. It is not necessary to consider the assignments of error in the motion for a new trial.

For the reasons above set forth, plaintiff's motion to dismiss the appeal and suppress the briefs is overruled, and the judgment of the lower court is reversed, and here rendered in favor of defendant.

Reversed and rendered.