## MOTOR INV. CO. v. KILLMAN.
### No. 911.

Court of Civil Appeals of Texas. Eastland.

Nov. 6, 1931.

Rehearing Denied Dec. 4, 1931.

Sullivan & Sullivan, of Big Spring, and Touchstone, Wight, Gormley & Price, of Dallas, for plaintiff in error.

Thomas & McDonald, of Big Spring, for defendant in error.

LESLIE, J.

Robert Killman instituted this suit to recover of the defendant, Motor Investment Company, a corporation, damages alleged to have been occasioned him by its conversion of his automobile. The disposition of this appeal does not require a detailed statement of the pleadings and testimony. Judgment by default was taken December 2, 1930. From the sheriff's return, citation, with copy of plain-

tiff's original petition, purports to have been served on the defendant by leaving same during office hours at principal office of defendant, 415 Southwestern Life building, Dallas, Tex., October 21st, 1930. The term of court at which judgment was taken terminated by operation of law January 31, 1931, but on January 29, 1931, the defendant filed a motion to set the judgment aside and to be granted a new trial, alleging, among other things, that, at the time the citation purports to have been served on it, it maintained no office at 415 Southwestern Life building or anywhere else in that building; that it had no agent or representative at said office or in said building upon whom service could have been had at that time; that on said date the office of the defendant was in the Stewart building, Dallas, Tex. The allegations of the motion were full and to the effect that the judgment was rendered against it without its knowledge and without any service whatever; that it had not waived or accepted service, and had no knowledge that the suit was pending; that at said time D. H. Lincoln was the secretary of the defendant, and in charge of its office.

In support of the motion, and attached thereto, was the affidavit of said secretary. Among other things, the affidavit states: "That neither he nor any other agent or representative of the Motor Investment Company was ever served with citation or any other paper growing out of the case of Robert Killman v. Motor Investment Company * * * in the County Court of Howard County, Texas. That the first notice * * * affiant or Motor Investment Company have had of the pendency of the above suit was the presentation to said corporation * * * of an alleged execution issuing out of said cause."

It was further alleged that, immediately upon receiving the information above, it employed attorneys to look after its interests, and that it took steps to avoid the effects of the alleged unwarranted judgment.

The motion concluded with a prayer that the court hear the same and permit the defendant to offer the testimony of numerous witnesses who would testify to the effect that the defendant did not maintain or have an office of any kind in any room in the Southwestern Life building on the 21st day of October, 1930.

The defendant sought to have the court act on the motion, but plaintiff, with equal zeal, sought to have it continued over to the next regular term of the court for consideration. The plaintiff's contention was sustained and an order entered carrying the motion over to the following term of court.

■ ■ The defendant's motion, in our judgment, sets up good grounds for setting aside the judgment and granting a new trial. It shows both diligence and meritorious defense, and the defendant not only supported its allegations by proper affidavit, but sought to offer additional testimony to establish the same. Opportunity to hear additional testimony was not given, but the continuance applied for by the plaintiff was granted. The correctness of this ruling is challenged by various assignments and propositions. Upon the facts disclosed by this record, we are of opinion that an application of the correct rule of law (Thomas v. Goldberg et al. [Tex. Civ. App.] 283 S. W. 230) requires that these propositions be sustained. The court erred in failing to grant the motion to set aside the default judgment and to allow defendant a new trial.

■ We think the proceedings and orders by which the court undertook to carry the motion over to a subsequent term are necessarily void. Article 2232, Vernon's Annotated Texas Statute, among other things, provides:

"New trials may be granted and judgments arrested or set aside on motion for good cause, on such terms as the court shall direct. Each such motion shall: * * *

"4. Be determined at the term of the court at which it is made."

■ In construing this article, it is said in Cooney v. Isaacks et al. (Tex. Civ. App.) 173 S. W. 901, 904: " * * * Motions for new trial must be determined at the term of court at which such motions shall be made, and under no circumstances can the court hear and rule upon same at a subsequent term. Any attempt to do so, and any orders so made in relation thereto, would be void because of lack of jurisdiction and power in the court so to do. The failure or refusal of the court to act upon the motion at the term at which it is made is in effect an overruling of the motion"—citing McKean v. Ziller, 9 Tex. 58; Lightfoot v. Wilson, 11 Tex. Civ. App. 151, 32 S. W. 331; Luther v. Telephone Co., 25 Tex. Civ. App. 31, 60 S. W. 1026; Clements v. Buckner, 35 Tex. Civ. App. 497, 80 S. W. 235; Laclede Nat. Bank v. Betterton, 5 Tex. Civ. App. 355, 24 S. W. 326.

To which we add Van Slyck v. Lawyers' Co-op. Pub. Co. (Tex. Civ. App.) 10 S.W.(2d) 1016.

From these authorities it will be observed that such motion, not acted on before adjournment of the term of court at which made, is discharged by operation of law. Hence the necessity of defendant's prosecuting error to this court from the said default judgment.

■ Under the facts of this case, if there be a distinction between a motion to set aside a judgment and one for a new trial, it would seem to be immaterial, since the statute directs the same disposition for each. If the motion be regarded as one to set aside the judgment or merely as one seeking a new trial, it would appear under the facts of this

case to embrace the elements of each, and call for an application of the same rule of law as set out in the excerpt above. Hence, in disposing of this appeal, we are not authorized to consider proceedings and orders of the trial court found in this record and purported to have been entered at a subsequent term of this court and based upon the continuance of such motion to the subsequent term. The validity of such orders and proceedings is not before us in this case.

For the reasons assigned, the judgment of the trial court is reversed, and the cause remanded.

### On Rehearing.

■ The defendant in error has filed a motion for rehearing, and strenuously insists that we erred in reversing the judgment of the trial court and remanding this cause, as per our original opinion. We think that opinion sufficiently disposes of each contention here presented by the motion except the one which asserts that this court erred (1) in holding that the trial court, the county court of Howard county, was without authority in law to continue the motion for a new trial to a subsequent term of that court; and (2) that, the failure or refusal of the court to act upon the motion at the term at which it was made in effect amounted to an overruling of the same. In support of this contention, the defendant in error invokes the provisions of a special practice act to be found in article 2092, c. 6, of the Revised Civil Statutes of 1925, and the amendments thereof (Vernon's Ann. Civ. St. art. 2092). Our attention is particularly directed to subdivision 28 of that article as amended by Acts 41st Leg. (1930) 5th Called Sess., c. 70, § 1 (Vernon's Ann. Civ. St. art. 2092, subd. 28), which is as follows: "A motion for a new trial filed during one term of court may be heard and acted on at the next term of court. If a case or other matter is on trial or in process of hearing when the term of court expires, such trial, hearing or other matter may be proceeded with at the next term of the court. No motion for new trial or other motion or plea shall be considered as waived or over-ruled, because not acted on at the term of court at which it was filed, but may be acted on at the succeeding term or at any time which the Judge may fix or to which it may have been postponed or continued by agreement of the parties with leave of the court."

In the motion the defendant in error underscores the last sentence in the above excerpt, and in further support of his contention cites the opinion in the case of Jones v. Bass (Tex. Civ. App.) 33 S.W.(2d) 199. After treating said statute and the opinion, the defendant in error concludes: "As we interpret the above quoted statutes, together with its subsection, the County Court of Howard County had the right, even though the motion as filed by the plaintiff in error be considered as a statutory motion for a new trial, to continue the same to the next succeeding term and then pass on the same without having it determined as a matter of law that the same was overruled."

We think this is an erroneous conclusion on the part of the defendant in error, and we are of opinion that the statute and the authorities cited have no application whatever to the questions presented by this appeal. First, the act itself, as shown by the first sentence of the article (2092), states that it is merely the adoption of rules of practice and procedure for "civil district courts in counties having two or more district courts with civil jurisdiction only, whose terms continue for three months or longer." Second, this language necessarily excludes county courts from the operation of said statute. Third, we are not aware of any law that has ever been enacted creating two or more civil district courts in Howard county with civil jurisdiction only, whose terms continue for three months or longer. Fourth, article 2093 of said chapter clarifies the situation, and indicates specifically the purpose of this practice act. This article in part reads: "All inconsistent laws and rules of practice and procedure shall be inoperative in the civil district courts of the class included within this chapter, but shall not be affected by this law in so far as they relate to other district courts."

The case of Jones et al. v. Bass, supra, originated in the district court of Harris county. The statute invoked by appellee would have application under the facts of that case, since, as may be seen by reference to subdivision 11, art. 199, R. S. 1925, that county evidently has four civil district courts with civil jurisdiction only, and otherwise meeting the requirements of this special practice act. Further examination may disclose that possibly Dallas, Tarrant, and other thickly populated counties have such district courts with civil jurisdiction only, etc.

We have carefully examined each contention made by the defendant in error in this motion, and, believing them without merit, the same is overruled.