## TEXAS QUARRIES, Inc. v. PIERCE.
### No. 12350.

Court of Civil Appeals of Texas.
San Antonio.
Dec. 19, 1951.

Holdridge & Sutton, San Angelo, for appellant.

Davenport, Davenport & Kever, San Angelo, for appellee.

POPE, Justice.

This is an appeal from an order granting a temporary injunction against the enforcement of a nihil dicit judgment formerly entered by the same court at a prior term of court.

In July of 1950, Texas Quarries, Inc., filed suit in Tom Green County against N. H. Pierce, doing business as Pierce Construction Company, on an open account. Pierce filed a plea of privilege to be sued in Menard County, which was sustained and the cause was ordered moved to Menard County. No answer was filed in the suit, and on January 5, 1951, the cause came on for trial, at which time Pierce filed a motion for continuance on the grounds that his attorney was sick, but appellant insisted upon a judgment for the plaintiff on the unanswered pleading of sworn account, which the court granted.

■ Appellee contends that early in January his attorney had a verbal agreement with appellant's attorney that the cause would be continued. This is disputed. However, assuming that this agreement was made, events subsequent to the agreement are of greater importance.

Pierce knew the case was set for trial and he made and filed a motion for continuance on January 5, 1951, the very day the judgment against him was rendered. After filing the motion, he apparently had no curiosity as to whether it was granted or denied. The term of court did not expire until February 5, 1951, which date is conceded to be correct by both parties. Before the term of court expired, the record shows that appellee became charged with knowledge that judgment had been rendered against him. About two weeks after entry of the judgment appellee's counsel learned of the judgment and this charged appellee with notice of that fact. Manning v. Harlan, Tex.Civ.App., 122 S.W.2d 704; Ft. Worth & Denver City Ry. Co. v. Greathouse, Tex.Civ.App., 41 S.W.2d 418, reversed on other grounds, Tex.Com.App., 65 S.W.2d 762; Dixon v. U. S. Fidelity & Guaranty Co., Tex.Civ.App., 293 S.W. 291; Bradford v. Malone, 49 Tex.Civ.App. 440, 130 S.W. 1013.

This transpired during term time and while sufficient time remained for appellee to make a motion for new trial and file an answer and avail himself of his legal remedies. Duncan v. Smith Bros. Grain Co., 113 Tex. 555, 260 S.W. 1027; Reynolds v. Volunteer State Life Ins. Co., Tex.Civ.App., 80 S.W.2d 1087. In May, long after the term of court had expired, Pierce filed a bill of review and, as an ancillary matter, sought and obtained a temporary injunction which enjoined the sheriff from a levy and the Texas Quarries, Inc., from enforcing the judgment.

■ We have been cited to cases where a default judgment was set aside during term time and also to cases where knowledge of the judgment was first gained after term time, but they do not reach the problem in this case. Appellee made an appearance in the case by filing the plea of privilege and the motion for continuance, but failed to file an answer. He failed to take steps during term time to have the judgment set aside, although he was charged with knowledge that the judgment was rendered before the term expired. He also neglected to determine what action was taken on the motion for continuance. It is

not necessary that our opinion be based upon the claimed agreement with counsel, which was not in compliance with Rule 11, Texas Rules of Civil Procedure, stating that it should be in writing; because the events that occurred after that is claimed to have occurred, foreclose appellee's right to any equitable relief after the expiration of the term.

Courts have jealously protected and upheld nihil dicit judgments. Graves v. Cameron, 77 Tex. 273, 14 S.W. 59; Spivey v. Saner-Ragley Lumber Co., Tex.Com. App., 284 S.W. 210; O'Quinn v. Tate, Tex. Civ.App., 187 S.W.2d 241. They are more in the nature of a confession and possess a stronger implication in favor of the plaintiff's claim than a default judgment.

The order setting aside the original judgment is reversed and the injunction is dissolved.