### W. H. THOMAS v. T. W. NEEL.

#### (No. 3178.)

APPEAL from Dallas County.    Opinion by DAVIDSON, J.

J. W. MOORE, counsel for appellant.

No counsel appeared for appellee.

§ **291.** *Judgment by default; cannot be set aside at a subsequent term of court.* This suit was originally for the trial of the right of property in the county court of Dallas county. The claimant's oath and bond to the property were filed in the month of April. On the 12th day of May the case was regularly reached and called for trial. The claimant having failed to put in his appearance and prosecute the suit, a judgment by default was rendered in the case. On the 13th day of May, the day following the judgment by default, the claimant made his motion to set aside said judgment by default, and reinstate the case for a trial upon its merits. This motion was not acted upon by the court at its May term. At the subsequent June term, the court did act upon the motion granting the same, setting aside the judgment rendered at the May term, and reinstated the case for trial. No further action was taken by the court in the case until the 29th day of August, when the plaintiff filed his motion to strike the case from the docket and issue execution, upon the ground that the previous judgment of the court at the June term, setting aside the judgment by default and reinstating the case, was without authority of law and void. On the 24th of October the defendant filed his answer to the motion to strike the case from the docket made by the plaintiff at the August term, whereupon the court overruled the motion to strike the case from the docket and award execution, and on the 28th day of October rendered judgment for the defendant, from which judgment plaintiff appeals to this court. The question to be determined is whether or not the court had authority to set aside the judgment by default, and reinstate the case for trial at a term subsequent to the term at which the motion was entered. Our statute says: "All motions for new trials in arrest of judgment, or to set aside the judgment, shall be determined at the term of the court at which said motion shall be made." [R. S., art. 1372.] In McKean v. Ziller,

9 Tex. 58, which is a case directly in point, it was held that "a motion for a new trial must be determined during the term at which it is made, or it will be discharged by operation of law. After the adjournment of the term, a judgment can be set aside or vacated only by an original proceeding instituted for that purpose, setting forth equitable grounds sufficient to entitle the party to a rehearing." "Where there is no entry disposing of the motion for a new trial the presumption is that the motion was abandoned" [Laird v. State, 15 Tex. 317], "and such motion is discharged by an adjournment of the court." Because of the error in setting aside the previous judgment entered by it at a previous term of the court upon a motion for a new trial, said judgment being without authority of law and void, the judgment is reversed and the cause remanded.

January 23, 1892.        Reversed and remanded.