MAXIMILIAN LUTHER ET AL. v. WESTERN UNION TELEGRAPH
COMPANY.

Decided January 23, 1901.

**1.—Motion for a New Trial—Postponement to Subsequent Term.**

Under the statute requiring motions for new trial to be determined at the term at which they are filed, the district court is without authority to continue such a motion to a subsequent term, and its order in so doing is void, although the postponement is by the court of its own motion, and over the protest of the moving party. Rev. Stats., art. 1374.

**2.—Same—Application to Equity Jurisdiction.**

A motion for a new trial and application to the equity jurisdiction of the court, filed after the term of court at which judgment was rendered, is properly overruled where it sets up no defense except the incapacity of plaintiff to maintain the suit, which defense was asserted on the trial, considered and passed upon, and judgment rendered adverse to defendants, to which judgment they duly excepted and gave notice of appeal.

Appeal from Nueces. Tried below before Hon. James B. Wells.

*McCampbells & Stayton,* for appellants.

*Norman G. Kittrell* and *Geo. H. Fearons,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—We copy from appellants' brief the following statement of the nature and result of this suit:

"This suit was instituted on the 25th day of October, A. D. 1897, by appellee, against Maximilian Luther, David Hirsch, and Ed. A. Born, to recover on a bond of $1000, executed by them and payable to the Western Union Telegraph Company, conditioned that Maximilian Luther should well and faithfully perform the duties of manager of the company's telegraph office at Corpus Christi, Texas.

"The appellants answered by demurrer to the effect that appellee was a foreign corporation, organized and existing under the laws of the State of New York and doing business in Texas, and that it was not alleged in its petition that it had deposited its articles of incorporation with the Secretary of State of the State of Texas and secured a permit to do business in Texas as a foreign corporation, and that it was not alleged affirmatively that it was a corporation employed by the United States in the transaction of its business. This was also pleaded specially by way of answer to the merits, in addition to a general denial.

"Appellee, by supplemental petition filed on November 15, 1898, replied to the defense set up by appellants, and alleged that it had been and was prosecuting business in the State of Texas by virtue of an act of the United States Congress of July 24, 1866, long prior to the passage of the law by the State of Texas, requiring the taking out of permits. That it had established and carried on its business along lines of railway and postroads long before the passage of said act, and especially was this the case in Nueces County, Texas. That the gen-

eral government had long been using these lines for sending all classes of messages and as one of the instruments of its service, paying a compensation therefor, long prior to the passage of said law by the State of Texas, and was so doing at the time of the taking of said bond, and has ever since. That since its line was established in Texas, and since it began business in Nueces County, it had continually sent messages affecting interstate commence, and had been continuously engaged in interstate commerce. That it had been employed continuously in transacting the business of the general government under the terms of said act of Congress of July 24, 1866, which it had accepted on July 25, 1867, and had since said date operated under the terms of said act and as a servant of the United States government, etc.

"On the 15th day of November, 1898, judgment was entered, overruling appellants' general and special demurrers, and decreeing that the plaintiff recover of defendants the sum of $1009.15, together with 6 per cent interest from date, and costs. To this judgment appellants excepted and gave notice of appeal, and ten days were allowed after the adjournment of court within which to file a statement of facts. On December 14th the judgment, upon motion of appellants, was reformed so as to read for the sum of $967.68, etc. On the 16th day of December a motion for a new trial was filed by the appellants.

"On the 30th of December, the following order was made on the motion for a new trial: 'And now on this 30th day of December, 1898, came on to be considered the motion herein filed at a former day of this term for a new trial, and it appearing to the court that the matters and things in said motion set forth involve important legal issues and require further investigation of the law affecting same, by this court, and that further argument thereon by counsel for plaintiffs and defendants is necessary and desirable, it is now here ordered and adjudged that the said motion for a new trial be continued over for further hearing to the next term of this court, and without prejudice to the matters and things in said motion set forth, and that this cause stand continued until next term by operation of law.'

"At the April term of the District Court the following order was entered in said cause: 'Tuesday, May 16, 1899, continued by operation of law; court disqualified, having been of counsel.'

"At the next term of court the following order was entered: 'Continued to May term, 1900, Judge Lowe sitting in exchange.' At the January term, 1900, the cause was continued by the following order: 'Tuesday, January 2, 1900, continued by operation of law; court disqualified.' At the May term, 1900, the cause came up for hearing before Judge Lowe, sitting by exchange, upon the plaintiff's motion to dismiss defendant's motion for a new trial, and upon the application of the defendants for a new trial and rehearing under the equity jurisdiction of the court.

"On the 17th day of May, the following order was made and entered: 'On this 17th day of May, 1900, plaintiff's motion filed herein May 16,

1900, to dismiss defendant's motion for a new trial filed herein December 16, 1898, and also defendant's application for new trial and rehearing under the equity jurisprudence of the court, filed herein, on May 17, 1900, coming on to be heard by the court, said motion of plaintiff and application of the defendants were considered together, and the court having heard said motion and application read, and having heard argument on same, is of the opinion that the law is with the plaintiff on both said motion and application, and it is accordingly ordered, adjudged, and declared that the said motion of plaintiff be and the same is now in all things sustained, and that the said motion of defendants for a new trial filed herein on December 16, 1898, as aforesaid, be and the same is hereby stricken out and for naught held; and also that said application of defendants filed herein on May 17, 1900, as aforesaid, be and the same is in all things overruled and denied; and it is also ordered and decreed that said plaintiff, the Western Union Telegraph Company, do have and recover of and from the defendants, Maximilian Luther, E. A. Born, and D. Hirsch, or either of them, all costs in and about said motion and application expended or incurred; and for all such costs and the other costs thereof, if any, let execution issue; to all of which ruling and action of the court, defendants then and there in open court excepted and gave notice of appeal to the Court of Civil Appeals in and for the First Supreme Judicial District of Texas, holding its session at Galveston, Texas; and they are given ten days after the adjournment of this court within which to prepare and file herein a statement of facts.'

"The application of appellants for a new trial under the equity jurisprudence of the court was filed on the 17th day of May, 1900, and is as follows:

"'Now come the defendants herein, David Hirsch and E. A. Born, and show to the court that a new trial should be granted herein, independent of the continued motion for a new trial pending in this court since the 16th day of December, 1898; and now, in the nature of a bill of equity, praying for a new trial, they respectively show to the court: (1) That it is true, as alleged, that on the 15th day of November, 1898, the plaintiff herein recovered a judgment against one Max Luther and against these defendants as sureties upon a certain bond, dated the 17th day of July, 1889, and given for the sum of one thousand dollars for the faithful accounting by said Luther for all moneys coming into his hands, belonging to said telegraph company; that these defendants then had, and now have, a good, complete, and perfect defense against the said cause of action and in this, to wit: That the said Western Union Telegraph Company was, and is, a private corporation, and alleged by it in bringing the action herein to be a private corporation, chartered, organized, and existing under the laws of the State of New York, and operating for pecuniary profit.

"'That under the laws of this State, operative and in force in this

State at the time of the execution of the alleged bond, whereon defendants were sureties, July 11, 1889, it was provided by the laws of the State of Texas (operative July 5, 1889), "That hereafter any corporation for pecuniary profit (except as therein provided), organized or created under the laws of any other State, or of any Territory of the United States, or of any municipality, or of any foreign government, sovereignty or municipality, desiring to transact business in this State, or solicit business in this State, or establish a general or special or general office in this State, shall be and the same are hereby required to file with the Secretary of State a duly certified copy of its articles of incorporation, and thereupon the Secretary of State shall issue to said corporation a permit to transact business in this State." And it was in said law further provided "that thereafter no such corporation can maintain any suit or action, either legal or equitable, in any of the courts of this State upon any demand, whether arising out of contract or tort, unless at the time such contract was made or tort committed, the corporation had filed its articles of incorporation under the provisions of this act, in the office of the Secretary of State, for the purpose of procuring its permit." And it was further provided that a certificate of the Secretary of State to the effect that the corporation named therein had failed to file in his office its articles of incorporation, shall be evidence that such corporation has in no particular complied with the requirements of said act.

" 'Defendants aver that at the time of the execution of the alleged contract or bond by defendants as sureties, the said plaintiff, the Western Union Telegraph Company, was a private foreign corporation, as before alleged, and had not then, nor had it up to the 22d day of July, 1898, filed a certified copy of its articles of incorporation in the office of the Secretary of State of Texas, or in any manner attempted to comply with said law; and all of which is now shown by a certificate of J. W. Madden, Secretary of State of Texas, and made a part of this equitable appeal for a new trial to the court; and defendants show that the pleadings of said plaintiff nowhere attempted to allege that they had obtained a permit to do business in the State of Texas, or that they were exempted from obtaining said permit; and defendants allege that the said plaintiff corporation was not within any of the exceptions of said law requiring it to obtain such permit. And defendants aver and show that by their first amended original answer, filed in this cause on the 15th day of November, 1898, they presented their defense against the action of plaintiff, first by demurrer in words substantially as follows, to wit. "They demur to the fourth amended petition of plaintiff herein filed on the 15th day of November, 1898, and say same is insufficient in law and shows no cause of action against them, or either of them, and they especially demur to same and say same is defective and insufficient, because the same affirmatively shows that plaintiff is a foreign corporation, organized and existing under and by virtue of the laws of the State of New York, and is doing business in the State of

Texas, but it is nowhere alleged therein that at the time of the contract therein sued on, or at any time before or at any time since the said corporation had deposited its articles of incorporation with the Secretary of State of the State of Texas, and obtained thereby and therefrom a permit to do business in the State of Texas as a foreign corporation; and defendant further answered by a plea in bar in said first amended original answer, and which is in words and terms substantially as follows, to wit: 'And further answering herein, come the said defendants and say that at the time the contract alleged in plaintiff's petition was executed, and on which it sues herein, the said foreign corporation had not filed, as required by law, with the Secretary of State of this State, its articles of incorporation and obtained a permit to do business in the State of Texas, nor has said corporation, at any time since, filed its said articles of incorporation and obtained said permit; and of this defendants put themselves upon the country.'

" 'And defendants say that they urged their said defenses, and same were good legal defenses, against the demand and action of said plaintiff, and at and upon the trial, November, 1898. That a trial was had in the District Court of Nueces County, and without a jury, a judgment was rendered against the defendant, and on the 15th day of November, 1898. That thereafter and during the same regular term of said court these defendants caused to be prepared their motion for a new trial, and urged therein the error of the trial court in overruling their said demurrer as above, and in rendering judgment for plaintiff. when it was affirmatively shown that it was a foreign corporation, and had failed to ever file a certified copy of its charter with the Secretary of State of this State. And in this connection these defendants aver that the trial court had found in writing, as a conclusion of fact (numbered 5) as follows: "I find that the said Western Union Telegraph Company has never filed a certified copy of its charter or articles of incorporation in the office of the Secretary of State of this State."

" 'Defendants show that they were prevented from urging their said defense and grounds for. a new trial without fault on their part, and as follows: That the attorney for the plaintiff, the Western Union Telegraph Company, one John A. Green, Jr., was at the time of said trial a resident of the city of San Antonio, county of Bexar, and State of Texas, distant about 163 miles from Corpus Christi, the county seat of Nueces County, where this case was tried; that he was present at the trial of this cause, and on the day following entry of judgment, November 15, 1898, he was compelled to and did return to his home in San Antonio; that he was there taken sick, his last and mortal illness, and was unable to return, though duly notified, to argue or submit the said motion for a new trial; that the honorable court, after inspection of said motion, declared that he desired argument and authorities on the points raised by defendants, and continued the hearing and disposition of said motion from day to day during said term in the hope that said attorney for plaintiff would be able to return; that said attorney was unable from

his physical condition to return, and the court, against the earnest soli-
citations of defendant to dispose of said motion, declined so to do, other
than to take the same under advisement to be passed upon by him at
the next term of court without prejudice to the rights of either party.
That this action of said court was taken of its motion and over the pro-
test and against the solicitations of these defendants, as will be seen
from Exhibit B, hereto attached and made a part hereof.  Defendants
further show that following the said regular term at which the said
motion was continued, Stanley Welch, who had in this cause been the
active counsel for the defendants, in January, 1899, qualified as district
judge of the Twenty-eight Judicial District, wherein this cause was
pending, and he has ever since been its judge and disqualified from
trying said cause, and whereby the said motion could not be heard until
this term, when exchange of districts temporarily has been made by
Stanley Welch with the Hon. M. F. Lowe, judge of the Thirty-sixth
District, and now presiding herein.  Defendants aver that the Hon.
James B. Wells was district judge at the trial of said cause and the
continuing of said motion upon his motion as aforesaid, and is present
at the hearing hereof to verify the facts as to the defenses of said de-
fendant and his declining to act upon the said motion for a new trial
other than by postponement as herein alleged.

   " 'And defendants say, that in the manner and form as herein set out,
they have and have always had a good, legal, and valid defense against
the claim and demand of plaintiff; they were prevented from further
urging the same, and having their motion for a new trial heard, by the
mortal illness and death of the attorney for plaintiff (operating with
other reasons, that of desiring a full argument and submission of author-
ities on the part of the presiding judge), to continue said hearing.
Defendants say that if it be true, as now inequitably demanded by plain-
tiff, that the court has no jurisdiction to hear a motion for a new trial
filed in 1898, it has equitable jurisdiction, independent of same, to con-
sider the facts now herein set forth (and in its equitable powers), be-
cause the defendants have a good defense, which they have diligently
prosecuted, and which they have been prevented from prosecuting and
asserting by no fault of theirs, and in the exercise of equitable jurisdic-
tion should grant a new trial herein, as prayed for.' "

   Appellants, having brought the case to this court on appeal, insist
that the judgment of the court below should be reversed, first, because
in its judgment rendered on the 17th of May, 1900, the court erred in
striking out their motion for a new trial filed on December 16, 1898;
and second, because the court erred in refusing appellants' application
for a new trial filed on May 17, 1900.  Article 1374 of the Revised
Statutes provides that all motions for a new trial, in arrest of judg-
ment or to set aside a judgment, shall be determined at the term of the
court at which such motion shall be made; and article 1373 requires
such motion to be made within two days after the rendition of the ver-

dict, if the term of court shall continue so long; if not, then before the end of the term.

In the case of McKean v. Zilker, 9 Texas, 58, the Supreme Court, in construing a similar provision in the old statute, says: "It is insisted that the statute is but directory, and that it was within the power of the court to postpone to the next term, and then act upon the motion for a new trial. We can not so regard it. We think the mandate of the law is peremptory and must be obeyed, and that at the end of the term the motion, not having been acted on, was discharged by operation of law. * * * The judge had no authority to continue the motion. The order for that purpose and that made dependent upon it were void." The rule announced in this case has been uniformly followed by our Supreme Court. Overton v. Blum, 50 Texas, 423; Eddleman v. McGlathery, 74 Texas, 280.

Appellants recognize this to be the rule, but contended that it should not apply in a case of this kind, where the facts show that the motion for a new trial was postponed to the next term of the court over the earnest protest of appellants, but should only be applied where the failure of the court to pass upon the motion at the term at which the same was filed occasioned by some act or omission of the moving party. This contention can not be sustained, because under the construction given the statute in the case of McKean v. Zilker, supra, the court is without authority to continue a motion for a new trial to a subsequent term of the court, and an order to that effect is void. The nullity of such proceeding is not made to depend upon the circumstances under which the order of postponement is made, but because of the lack of power in the court to make the order under any circumstances. The consent of both parties could not render the proceedings valid, and certainly the protest and objection of the moving party could not have that effect.

Under their second assignment of error appellants contend that the trial court should have granted their application for a new trial, filed on the 17th day of May, 1900, under the equitable jurisdiction of the court, because said application shows that they have a just and legal defense to plaintiff's action, which they have, without fault on their part, been deprived of asserting. We think the trial court did not err in the matter complained of in this assignment. . The application for a new trial set up no defense except the incapacity of plaintiff to maintain this suit, which defense was asserted on the trial of this cause on the 15th of November, 1898, considered and passed upon by the court, and judgment rendered adverse to appellants, to which judgment they duly excepted and gave notice of appeal. The trial of the cause having been by the judge without the intervention of a jury, a motion for a new trial was not necessary to perfect appellants' right of appeal, and when the court adjourned without passing upon the motion, in the language of Judge Wheeler, in the case of McKean v. Zilker, supra, said motion "was discharged by operation of law," and appellants, having given the necessary notice of appeal, could have perfected said appeal

and had the judgment of the court below reviewed and its ruling in not sustaining their defense reversed, if such ruling had been found to be erroneous. Bell v. Alexander, 22 Texas, 351. Having failed to avail themselves of this right of appeal, they can not complain of the refusal of the district judge to review a former judgment of that court rendered nearly two years previous and set aside said judgment because of a supposed error of law committed by the court in rendering it.

In the case of Overton v. Blum, supra, Judge Moore, speaking for the court, says: "But though a new trial is never granted in terms after the adjournment of the court rendering the judgment, and there can be no such thing as another trial of the case at law after it has once been decided, it is not to be questioned that when a judgment has been obtained by fraud, mistake, or accident, and without any want of proper diligence on the part of the party against whom it is rendered, the district court, in the exercise of its equitable powers, may grant relief by re-examining the case on its merits and granting such relief as equity and justice may demand and require. To call, however, for the interposition of a court of equity, and to warrant the staying of the enforcement of a judgment rendered by a court having jurisdiction of the parties and the subject matter of the suit, it is not sufficient that a mistake or accident may have occurred in the course of the proceeding, but it must also be shown that there is merit in the applicant's case, and but for the interposition of the court he must sustain irreparable injury to which he has in no material manner contributed."

We think the application for a new trial in this case contains none of the requisites prescribed by Judge Moore as necessary to call into action the equity power of the court. When tested by the rule above quoted, which is approved and followed in the cases of Johnson v. Templeton, 60 Texas, 238; Harris v. Musgrove, 72 Texas, 18, and Merrell v. Roberts, 78 Texas, 28, we think the application was without merit and was properly overruled.

There being no error in the judgment of the court below it will be affirmed, and it is so ordered.

*Affirmed.*

Application for writ of error dismissed by Supreme Court for want of jurisdiction.