GRUBBS v. MARPLE et al. (No. 7453.)

(Court of Civil Appeals of Texas. Dallas. March 25, 1916. Rehearing Denied April 29, 1916.)

1. NEW TRIAL ☞155—PROCEEDINGS TO PROCURE—LIMITATION AS TO TERM OF COURT.

Vernon's Sayles' Ann. Civ. St. 1914, art. 2025, directing that motions for new trials be determined at the term of court at which they are made, is mandatory, and motions made at one term, but not called to the court's attention till the next term, are abandoned.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 315; Dec. Dig. ☞155.]

2. JUDGMENT ☞17(3)—ESSENTIALS—PROCESS TO SUSTAIN.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1873, as to citations, article 1867, allowing a defendant ten days' notice, and article 1868, excluding day of service and of return, a judgment against a nonresident defendant served by notice eight, and not ten, full days before appearance day is void.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 26; Dec. Dig. ☞17(3).]

3. APPEAL AND ERROR ☞664(1)—RECORD—CONFLICT—RECITALS IN JUDGMENT.

Upon direct attack by appeal or writ of error a recital in the judgment that defendant was "duly cited" does not prevail against the return on the citation in the record showing affirmatively he was not duly cited.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2856; Dec. Dig. ☞664(1).]

4. APPEAL AND ERROR ☞933(6) — PRESUMPTIONS—RECORD—FINDINGS.

Where the record shows that a motion for new trial on the ground that service was not in time for a valid default was denied by the court

on the ground that it was presented at the succeeding term, it must be presumed that the court did not find as a fact that the service was in time.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3776; Dec. Dig. ☞933(6).]

Error from District Court, Dallas County; J. C. Roberts, Judge.

Action by R. W. Marple and another against J. Y. Grubbs and others. Judgment for plaintiffs, and defendant Grubbs brings error. Reversed and remanded.

W. P. Donaldson and W. M. Crow, both of Dallas, for plaintiff in error. Brooks & Worsham and C. M. Smithdeal, all of Dallas, for defendants in error.

RASBURY, J. Defendants in error Marple and Knowles originally sued defendants in error Clark, McGinty, Schmalling, and Hoffman in the statutory form of trespass to try title to recover land situated in Hansford county, Tex. Each defendant so sued was a nonresident of the state of Texas, upon which fact the court's jurisdiction was challenged. The trial court ruled it was without jurisdiction to try the case, and, in obedience to the statutory direction in such cases, ordered the venue of the suit changed to Hansford county. Article 1833, Vernon's Sayles' Stats. From such order defendants in error Marple and Knowles appealed to this court, where the action of the district court was in all things affirmed. After the affirmance of the judgment of the lower court transferring the cause to Hansford county defendants in error Marple and Knowles, plaintiffs below, amended their petition and made plaintiff in error Grubbs, a citizen of the state of Oklahoma, a defendant in the court below. On April 16, 1914, statutory notice in such cause was issued to plaintiff in error, summoning him to appear before the district court of Dallas county at the next regular term thereof to be held in the city of Dallas on the first Monday in May, 1914. The notice, according to the affidavit of one C. A. Leeman, was by him delivered to plaintiff in error in person on April 25, 1914, together with certified copy of plaintiff's first amended petition. The first Monday in May was May 4th, and appearance day in the district court. On the succeeding day, or May 5, 1914, which was also default day in said court, plaintiff in error having failed to make any sort of appearance in the suit, judgment by default was entered against him for any interest he had in the land. On the same day Schmalling and McGinty, defendants in error here and defendants below, appeared voluntarily in the case by attorneys and announced ready for trial. Clark, another defendant, had been dismissed from the case on his disclaimer by former judgment. Hoffman, the remaining defendant, defaulted. The judgment changing the venue to Hansford county was not set aside nor was any mo-

tion for cause or otherwise made in that respect. During the term at which judgment was rendered against him by default and on August 6, 1914, plaintiff in error filed motion to vacate same on the ground that the court was without jurisdiction to enter such judgment, since at the time of the entry he had not been notified full ten days, nor had he waived such notice or voluntarily entered an appearance in the suit. All the defendants in error, plaintiffs and defendants below, contested the motion by exceptions and on the ground, in substance, that plaintiff in error had, in fact, had the full ten days notice before default judgment, but that the process served upon him had been mutilated so as not to show the true date of its delivery to plaintiff in error. The term of court during which judgment was entered against plaintiff in error and during which his motion to vacate same was filed expired without the motion ever being presented to or acted upon by the court. The motion was presented for action by the court at the subsequent term. The court at said time refused to consider and determine same on the ground that it should have been determined during the term at which it was filed. The foregoing proceedings are brought before us by writ of error for review.

[1] It is contended, first, in effect, that the court erred in refusing to sustain plaintiff in error's motion for new trial for the reasons shown therein. The precise issue raised by the assignment is obviously without merit, since the record discloses that the district judge was never afforded an opportunity to sustain the motion within the period in which he could legally have considered and determined it. On the contrary, it appears from the record, as we have shown by our statement of the facts shown by the transcript, that while the motion for new trial was filed at the term during which judgment was rendered, it also shows that it was not presented or called to the attention of the court until the succeeding term. Article 2025, Vernon's Sayles' Statutes, directs that such motions shall be determined at the term of court at which same are made. This statute is held to be mandatory, with the resulting conclusion that motions not so determined are abandoned. McKean v. Ziller, 9 Tex. 58; Laird v. State, 15 Tex. 317; Thomas v. Neel, 4 Willson, Cir. Cas. Ct. App. § 291, 18 S. W. 138; Laclede v. Betterton, 5 Tex. Civ. App. 355, 24 S. W. 326; Luther v. Western Union Tel. Co., 25 Tex. Civ. App. 31, 60 S. W. 1026; Clements v. Buckner, 35 Tex. Civ. App. 497, 80 S. W. 235; Town v. Guerguin, 93 Tex. 608, 57 S. W. 565.

[2] The next contention is that, regardless of any issue arising upon the motion for new trial, the court erred in rendering judgment by default against plaintiff in error, for the reason that it affirmatively appears from

the record that plaintiff in error was not served with notice ten full days before appearance day, following which the judgment by default was rendered. As we have shown, the citation or notice, as it is called in case of nonresidents, but which is controlled by the same statutory provisions that control citations (article 1873, Vernon's Sayles' Stats.), was issued April 16, 1914, and served upon or delivered to plaintiff in error April 25, 1914. Judgment by default was rendered May 5, 1914. Excluding the day of service and that of return (article 1868, Vernon's Sayles' Stats.), it appears that plaintiff in error was allowed only eight days after service in which to plead at the return term, appearance or return day being the first Monday in May, 1914, which was the 4th day of that month; while by the provisions of the statute (article 1867, Vernon's Sayles' Stats.), a defendant may not be compelled to plead at the return term until he has full ten days' notice. The provisions of the statute cited so provided in plain and unambiguous language, and, it being undisputed that the required service was not had, the judgment is void. See Jackson v. Dowdy, 29 S. W. 693.

[3] Counsel for defendants in error, while conceding that a defendant must be served with citation or notice in the manner we have stated before valid default judgment may be rendered, and while conceding that the citation or notice in the instant case discloses affirmatively that it was not served for the required number of days, asserts such facts to be immaterial, for the reason that, when the judgment contains a finding that it was, the judgment is conclusive and controlling. In such connection the judgment by default does recite that plaintiff in error, "although duly cited to appear and answer herein, came not, but wholly made default." It can be said, however, with utmost reason, that such recitation is without controlling or conclusive force when it is considered that, the judgment being one by default, the recitation therein must in the very nature of things depend for its truth upon the citation or notice contained in the transcript before us, which, as we have shown, was not served upon plaintiff in error for the required number of days 'to entitle defendants in error to judgment.

It is true that on oral argument we examined at request of counsel, under the magnifying glass, the date of service shown on the citation, and it developed that some sort of change had been made in the date figures; and it is also true that counsel further stated that a similar examination had been made by the trial court, who reached the conclusion that the date of service had been mutilated, and upon such conclusion permitted the default judgment. These proceedings, however, were informal, and are not shown by, or in any manner presented in, the record. Con-

sequently it will be readily appreciated that, even if such ex parte proceedings, when presented of record, could bind plaintiff in error, which we do not determine, clearly cannot do so when presented in the manner stated.

In addition to what we have just said, it is well settled that in a direct attack upon a judgment by appeal or writ of error on the ground that the judgment is invalid because entered by default without the statutory notice required, as distinguished from collateral attacks, a recital in the judgment that the defendants were "duly cited" is not conclusive against the return on the citation showing affirmatively that the required notice had not been given. Blossman v. Letchford, 17 Tex. 647; Hart v. Weatherford, 19 Tex. 57; Burditt v. Howth, 45 Tex. 466; Fitch v. Boyer, 51 Tex. 336; Bates v. Casey & Swasey, 61 Tex. 593; Carlton v. Miller, 2 Tex. Civ. App. 619, 21 S. W. 698; Mayhew v. Harrell, 57 Tex. Civ. App. 509, 122 S. W. 957; Glasscock v. Barnard, 58 Tex. Civ. App. 369, 125 S. W. 615.

[4] It is also urged that, the issue of sufficiency of the service having been presented to the trial court on motion for new trial, the finding of the lower court on such fact issue is conclusive in the absence of a statement of facts or bill of exception. If all the facts comprehended by the proposition were disclosed by the record, the rule invoked would undoubtedly control. However, the controlling and essential fact necessary to the application of the rule—that is, a finding by the court that defendants in error were served with notice the required number of days before the entry of judgment by default —is not contained in the record, nor can the presumption be indulged that such finding was made. On the contrary, what is in the record tends to establish that the court did not make such finding, rather than that he did. The record discloses, as we have already shown, that during the term at which the judgment by default was rendered plaintiff in error filed a motion for new trial on the grounds already stated. It does not appear from the record that it was presented to and acted upon by the court during said term. The record does disclose by findings of the court that the motion was presented to him at the succeeding term of court, and that he refused to consider or determine same on the ground already discussed in this opinion. Thus we think it clear that the presumption must be indulged that the court did not find as a fact that service was in time for valid default entry. Had the court made any such finding, some sort of judgment entry would have been entered in that respect. If a hearing had been had, there would have been no necessity for presenting the motion at the next term; or, had there been a hearing, and the issue determined, the reason for overruling the motion so acted upon would not

have been placed upon the ground that the court had lost the right to do so by expiration of the term, but upon the ground that he had acted on the motion at the preceding term.

By the last assignment and proposition it is contended that the lower court, having by its judgment transferred the case to Hansford county, was without authority to enter judgment therein until said judgment of transfer had been in some legal manner vacated or set aside. The defendants in said judgment other than plaintiff in error do not complain of the judgment—in fact, by the record, seek, in effect, its affirmance; and for that reason we conclude it should be affirmed as to them, without reference to any defenses which might have been available to them had they been timely asserted.

As to plaintiff in error the judgment will be reversed, and cause remanded on the ground of insufficient service of notice, which will leave available to plaintiff in error all defenses that would have been available to him had he been properly served, without disturbing that portion of the judgment which settles the controversy between the other parties; and it is so ordered and adjudged.