## GUERRA v. GUERRA. (No. 6221.)

(Court of Civil Appeals of Texas. San Antonio. June 4, 1919. Rehearing Denied June 18, 1919. On Motion to Certify to Supreme Court, June 23, 1919.)

Courts ⟲64(6)—Special Term—Divorce—Jurisdiction.

Where divorce was granted on plaintiff's unsupported evidence at a special term, where criminal cases alone were to be tried under the call of the court, and defendant husband's appearance reciting he agreed "that this cause may be taken up at any time for trial," was filed, without laying over 10 days, but on the day of its filing, and at plaintiff's instance, plaintiff could not, on the ground of collusion in procuring the decree by default or the lack of jurisdiction of the court, set the divorce aside, notwithstanding Rev. St. 1911, art. 1880, as to waiver of service, article 1867, providing that service of citation shall be served at least 10 days before first day of return term, and article 4633, as to confession by want of answer; for article 1714, excepting divorce cases from those which may be tried in vacation, does not except divorce cases from being tried at special term under article 1720.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Suit by Nellie Bell Guerra against Manuel Guerra, Jr. From judgment for plaintiff, defendant appeals. Reversed and rendered.

James B. Wells, of Brownsville, and Ball & Seeligson, of San Antonio, for appellant.

Chambers & Watson, of San Antonio, for appellee.

COBBS, J. This is a suit to set aside the divorce granted to appellee against the appellant in the Thirty-Seventh district court on the 22d day of July A. D. 1914. The second amended petition was filed in the same court in which the decree was granted, on the 9th day of May, 1917. It was properly transferred to the Fifty-Seventh district court, where this trial was had.

The grounds upon which this relief is

sought is that appellee sued appellant for divorce by petition filed in court on July 22, 1914, and appellant filed his waiver and acceptance of service thereto on the same day, and the divorce was granted at a special term of that court on the 22d day of July, 1914, the same day the term was called for the trial and disposition of criminal cases, and not for the purpose of disposing of this or any civil business whatever. Such appearance would not have been filed in time for service had it been to a regular term, instead of special, nor was the acceptance of service on file for 10 days before that special term. The next regular term would have convened thereafter, October term, 1914.

It was alleged the said Manuel Guerra, Jr., not having grounds for divorce, and she did have, he fraudulently agreed with her, if she would secure it, he would pay her $25 per month so long as she remained single, and, relying upon said promise, she procured the divorce; that defendant failed to pay said $25; that said divorce was the result of a collusion, and in violation of article 4633 of the Revised Statutes; and petition alleged no statutory grounds.

Plaintiff averred that under article 1723, R. S., no civil suit could be brought to and maintained at a special called session of the court, and as to such called special session said suit was a new cause of action, returnable to, and only could be tried in, the succeeding regular term of court.

Plaintiff also averred that no divorce could be granted until after 30 days from date of filing of petition.

Plaintiff also averred that under article 1729 special terms of the district court may be called when in the opinion of the district judge he should do so, to dispose of pending cases in which service might have been perfected; that Manuel Guerra did not appear and answer to said special term. He pleads the decree is null and void, and entered in the court at a time when the said trial court was wholly without jurisdiction to hear and determine it.

Manuel Guerra, Jr., appellant, answered, by filing a general exception, and also by special exceptions: (a) Plaintiff invoked the jurisdiction of the court; (b) if fraud was committed in procuring, appellee was a party thereto; (c) that appellee accepted benefits under the decree, and this suit was not instituted until the 24th day of September, 1915, more than a year after said decree was rendered on the 22d day of July, 1914, and plaintiff is thereby estopped. Specially excepted to the allegations that Manuel Guerra, Jr., having no grounds for divorce, fraudulently agreed and promised said plaintiff $25 per month so long as she remained single; that defendant has failed to pay same, for the reason it states no ground for setting aside the decree, for it does not appear that plaintiff had good grounds of divorce, and failure to pay was a mere breach of a civil contract. The court sustained this last above-named exception. He answered by denying all fraud and collusion; that on the 17th of June, 1914, plaintiff instituted her suit for divorce, and knew that when said cause was to be tried it would be tried at a special term to be convened during the month of July, and defendant entered his appearance on July 22, 1914, at the request of plaintiff, and on said date plaintiff in this cause testified for herself, and divorce was granted in her favor, and she thereby estopped herself; that if there was fraud, she invoked it and was a party thereto in invoking the jurisdiction of the court, and since that time and for more than a year prior thereto she accepted benefits under said decree, recognizing it as valid and binding.

The court sustained an exception to all that portion of the petition alleging Manuel Guerra, not having grounds for divorce, procured appellee to secure it fraudulently, in consideration of which he was to pay her $25 per month, etc., which he has not paid, etc., and overruled demurrers Nos. 1 and 2.

The original petition upon which divorce was granted was filed on June 17, 1914, and alleged that Manuel Guerra, Jr., resided in Denver county, Colo. It alleges they were lawfully married on the 7th day of January, 1900, and lived together until about five years ago, since which time they have not lived together as husband and wife; that on or "about the 4th day of July, 1908, the defendant, without any cause on the part of this plaintiff, left and abandoned her, since which time they have not lived together as husband and wife."

Appellant sets out or groups his first, second, third, and fourth assignments of error in rotation, and thereunder asserts the proposition that a decree in a suit for divorce, rendered at a special term of the district court where such suit was filed returnable to a regular term of court, and 30 days had not elapsed between the filing and the trial of the same, the court not having jurisdiction of the parties and subject-matter, is void and not binding.

The record in this case discloses the suit was filed against a nonresident defendant whose waiver of service and appearance recites he agrees "that this cause may be taken up at any time for trial." There is nothing in this record to show that appellant ever knew that the judgment was obtained at a special term of the court, or ever made any objection thereto, or that it made any difference to him. There is nothing to show that at the date of the trial he was not in Bexar county, because he was in court with his appearance when the decree setting aside the decree for divorce was entered, and he is now insisting upon the validity of the decree of divorce and desires it be held valid, and thereby affirms and ratifies it.

The record shows the divorce was granted at a special term of the court, where criminal cases alone were to be tried under the call of the court, and his appearance was filed, without laying over 10 days, but on the very day of its filing, and at the instance of plaintiff, and upon her own unsupported evidence, she obtained the decree. She cannot set it aside on the ground of her alleged fraud, for no court will permit a litigant to reap benefits from his own fraudulent acts and wrongful conduct in procuring a judgment to which he was not entitled, and afterwards, becoming dissatisfied with it, attempts to set it aside. Can appellee, having admittedly procured an alleged illegal decree of divorce at a term of court that she claims had no jurisdiction to hear it, and in which she had procured her husband to participate by securing his appearance and filing same the day she got the divorce, be permitted to say that the court had no jurisdiction to determine the matter because she should not have gotten it until the 10 days had expired, or, when she did get it, it was a fraud upon the court? In the case of Pearce v. Tally, 8 Tex. 305, it is held:

"Acceptance in this case not being made 5 days before commencement of the term, no judgment by default could have been entered at that term against the defendant."

Article 1867 of our Revised Statutes provides that service of citations shall be served at least 10 days before the first day of such return term, exclusive of the day of service and return. Article 1880, providing for the waiver of service, says:

"Such waiver or acceptance shall have the same force and effect as if the citation had been issued and served as provided by law."

So strict is the requirement of our laws to uphold the sacred relations of matrimony, a different rule of procedure is established in divorce cases, for instance, as provided by article 4632, Vernon's Sayles' Ann. Civ. St. 1914:

"*Such suit shall not be heard or divorce granted before the expiration of thirty days after the same is filed.*"

We italicize the above to show its mandatory requirement, not that it has any effect in this case, because that time has expired when the decree was entered. The judgment in this case recites it was by default. That is contrary to the statute, and that is wherein the procedure again differs. Article 4633 in regard to judgments provides:

"Nor shall the petition be taken as confessed for want of answer, but the decree of the court shall be rendered upon full and satisfactory evidence, * * * but no divorce shall be granted upon the evidence of either husband or wife, if there be any collusion between them."

In discussing this case, in so far as the answer of defendant is concerned, his con-

senting to a trial of this case at any time of course meant any term of the court for the trial of cases, and we treat it merely as a waiver of service of process, as provided by article 1880, supra, in which he, among other things, stipulates "and agrees that this cause may be taken up at any time for trial." The rights of defendant would not be lost thereby to make all his defenses, if he had any he desired to make, for, as said in Bostwick v. Bostwick, 73 Tex. 182, 11 S. W. 178, "A defendant, failing to answer, is not precluded from resisting a divorce," and can insist that the case shall be called in due order.

Bearing in mind that a waiver of service bears the same relation to service of citation as though the defendant had been served before case can be called for trial, this court has held, in Jackson v. Dowdy, 29 S. W. 695, that the case will be reversed when it affirmatively appears that the citation was not served at least 10 days before the first day of the term. To the same effect is Grubbs v. Marple, 185 S. W. 599.

Article 1714 provides for the trial of any case in vacation by consent of the parties, except divorce cases; and such consent given, except divorce cases, would confer all power upon the court. The language of this article of the statute is, "may in vacation, by consent of the parties, exercise all powers, make all orders, and perform all acts as fully as in term time, and may, by consent of the parties, try any case without a jury and enter final judgment, except in divorce cases." But this trial was not had in vacation, but during a special term in which the court had, as seen, just the same general powers and jurisdiction it had during the regular term. Besides, if it had been the intention of the Legislature to except therefrom divorce cases, the same exception would have been made as in vacation trials. The fact that no such exception was made rather aids the construction we have given to the law that the power was general to try pending cases when service had been completed in the terms of the law. Article 1720 is the only statute on the question, and provides:

"Whenever it may become advisable, in the opinion of a district judge, to hold a special term or terms of the district court in any county in his district, such special term or terms may be held; and such district judge may convene such special term at any time which may be fixed by him. Such district judge may appoint jury commissioners, who may select and draw grand and petit jurors in accordance with the law. Such jurors may be summoned to appear before such district court at such time as may be designated by the judge thereof; provided, that in the discretion of the district judge, a grand jury need not be drawn or impaneled."

It is general in its nature and scope, and when the court convenes it is to dispose of

such cases as within the judgment of the court he might be able to dispose of. We know of no existing statute that limits the court in calling civil or criminal cases for trial, or as a prerequisite therefor to have announced and cause to be published a list to be tried. It was perhaps the idea of the honorable judge of the Thirty-Seventh district court to make the announcement so that only such cases mentioned would be called by him, so that the parties named might prepare their cases. If he saw proper, could call others, as he did here, and could likewise provide for jury trials, or not, as he thought advisable. The former laws on the subject are repealed, and the above is now the only law providing for the call of special terms, and in it no exception is made for the trial of any cases. But the court is granted power to provide for jury trials also. See Traubue v. Ash, 200 S. W. 416.

On this trial no oral testimony was offered by appellee, only documentary evidence, but the appellant offered the following testimony:

"It was agreed by counsel for the parties that the divorce granted in B–8204, entitled Nellie Bell Guerra v. Manuel Guerra, Jr., was granted by Judge Anderson, judge of the Thirty-Seventh district court, upon the sworn statement to him by the plaintiff, Nellie Bell Guerra, and that no other witnesses were examined on behalf of the plaintiff in the case; that the statement of Nellie Bell Guerra, the plaintiff, was made to Judge Anderson at the time of the trial in his private office, and for reasons known to Judge Anderson; and that the decree rendered in B–8204 was rendered by Judge Anderson after he returned to the bench.

"The defendant offered the file mark on the original petition in the case on trial, showing that it was filed September 24, 1917.

"The defendant called Joe Lodovic, who was first duly sworn by the court, and who testified as follows: 'Mrs. Nellie Bell Guerra is my sister. Neither Manuel Guerra nor his mother sent my sister each month a certain sum of money after this decree of divorce in her favor. Some money was sent to my sister by Manuel Guerra's father, but not by Manuel Guerra or his mother. I think his father sent my sister that money for probably a year or so after the divorce, but I am not positive. Manuel Guerra, the father, then died, and nobody sent my sister any money after that—I think the mother did one or two months, but I am not positive—then the mother stopped sending Nellie Bell Guerra the monthly stipend. My sister then brought suit to set aside this decree of divorce. I was present at the time this divorce was granted. We took sister to Judge Anderson's court, and he requested that he speak to her alone, and he took her off to one side; and what she said I don't know, there was no one with her at the time but Judge Anderson. Judge Anderson did this out of courtesy to my sister, who was sick. My sister was in a delicate condition at that time. Judge Anderson did not take her into his private office, but he took her away from the crowd in the courtroom.'"

In the case of Browder v. School District, 107 Tex. 535, 180 S. W. 1077, the court ordered a special term at the request of defendants, who appeared and answered, and the plaintiff filed a plea to the jurisdiction, which being overruled, an appeal was taken. The court said:

"Its trial was entered upon at the regular term of the court, but the plaintiffs took a nonsuit. That term of the court adjourned on January 21, 1914. This suit was filed on January 23, 1914, and was properly returnable to the next regular term, convening on June 1, 1914. The district judge on February 12, 1914, ordered a special term of court to convene February 26, 1914, for the purpose, it appears, of trying this case; the defendants having requested that a special term be ordered for that purpose. The defendants appeared and answered at the special term, and the case was tried at such term, resulting in a judgment for the defendants; a plea to the jurisdiction interposed by the plaintiffs being overruled. * * * A court acquires jurisdiction over a plaintiff by his submission to it of the cause of action which he alleges. A voluntary appearance is as effectual to confer jurisdiction over a defendant as the due service of process. The case was cognizable by the district court. The defendants, as already stated, entered their appearance at the special term. The question of the court's jurisdiction, therefore, does not arise unless the effect of article 1723 is to interdict the trial of a new civil case at a special term of the district court.

"Article 1723 prohibits the bringing of a new civil case to a special term; and it is plain that a defendant would not be required to answer at such term. It does not purport to deal with the power of the court to try a new civil case at a special term where its jurisdiction of the defendant is made complete by other means than the service of process. It is apparent that the purpose of the article was to make it clear that such cases should be brought, not to the special term, but to the succeeding regular term, as prescribed by article 1852. But according to its terms it has no further scope than a regulation in respect to the term to which such cases shall be returnable—a different matter from the authority of the court to try such a case at the special term where the defendant submits himself to the jurisdiction. If it had been the intention of the Legislature that under no circumstances should a new civil case be triable at a special term, it must be assumed that it would have expressed that purpose in language much more direct than that employed in this article.

"As affecting the court's jurisdiction, under article 1723, to try the case at the special term, the question presented is not materially different from that of the authority of the court to try at a regular term a suit filed during such term where the defendant then appears and answers. In such an instance there would be, under article 1852, as clearly a denial of any authority to bring the case to the regular term as there is under article 1723 to bring a new civil case to a special term. Yet, in virtue of the defendant's appearance, there could be no doubt of the case being triable at that term. Pierson v. Burney, 15 Tex. 272; Lang v. Henke, 22 Tex. Civ. App. 490, 55 S. W. 374."

It possesses all the powers at a special term as at a regular term. 15 Corpus Juris, § 254.

In the case of Moor et al. v. Moor, 63 S. W. p. 347, this court held:

"Where a husband employs attorneys to procure a divorce for his wife, though both parties are nonresidents, such collusion, in procuring a divorce in fraud of the court, will estop the husband from attacking the validity of the divorce in a suit by the wife to partition the community property."

Nor will either party so appearing be allowed to attack it. Relief cannot be obtained in a collateral proceeding, but must be in a direct proceeding, and, though procured by perjury or fraud, will not be set aside therefor unless the perjury or fraud consists of extrinsic acts not examined and determined in the divorce proceedings. To the same effect is the case in Bleakley v. Barclay, 75 Kan. 462, 89 Pac. 906, 10 L. R. A. (N. S.) 233.

In Josey et al. v. Masters, 179 S. W. 1135, the court said:

"It is well settled that, if a court is without power because of the subject-matter thereof to hear and determine a suit, the parties thereto cannot by consent confer jurisdiction on it to try same; but it is well settled that, if a court has jurisdiction of the subjejct-matter, the parties may by consent confer on it the power over their persons necessary to enable it to try the cause."

In the case of Karren v. Karren, 25 Utah, 87, 69 Pac. 467, 60 L. R. A. 294, 95 Am. St. Rep. 815, 13 months after the decree was entered, plaintiff sought to have it set aside on the ground of alleged fraud committed upon her by her husband, whereby she neglected and failed to appear and defend said action for divorce, and the court, though holding it was a collusive divorce, said:

"While a decree of divorce obtained by collusion of the parties, or by suppression of the facts, or false testimony, is a fraud upon the court, and against public policy, it would be more against public policy to disturb the decree at the instance of either of the parties who are in pari delicto, when, after the divorce, as in this case, one of the parties has remarried. * * * And it is against public policy to vacate the decree, as such order would render innocent parties guilty of bigamy and their children illegitimate."

It is not shown in this case that appellant has remarried, and that question is not before us.

In Hamilton v. McNeill, 150 Iowa, 479, 129 N. W. 483, Ann. Cas. 1912D, 604, it is said:

"It is abhorrent to the judicial sense and subversive of legal morals that a defendant may aid the plaintiff in obtaining the solemn conclusions of the court in the form of a decree of divorce and may afterwards, in another action in the same court, flout the decree before the jury, and say, 'Gentlemen, this is all false; the judge did the best he could, but we wanted the decree, and we fooled him' "

—and further on in the same opinion:

"We reach the conclusion that the general rule that an adjudication is binding upon the parties thereto and their privies is not applicable to a divorce decree as broadly as to an ordinary adjudication which involves only private rights. Without attempting to define an exact rule applicable in all cases to divorce decrees, we reach the conclusion that under the undisputed showing in this case the plaintiff cannot be heard in this action to impeach the verity of the decree of divorce, nor to deny the grounds upon which the decree was obtained, for the purpose of avoiding the statutory forfeiture; and he must be conclusively deemed to be the 'guilty party.' "

The facts in the above case were: Plaintiff was married in December, 1899. On March 2, 1906, his wife obtained a divorce from him. Some time thereafter defendant McNeill married plaintiff's former wife. Thereupon that action was brought. Defendant pleaded, by the findings of the decree, the plaintiff was the guilty party. Section 3181 of the Code of that state provides:

"Where a divorce is decreed, the guilty party forfeits all rights acquired by the marriage."

It is charged by appellant that appellee herself brought the suit for the divorce, and colluded with the defendant to secure it, and accepted and received benefits from him, and when his father died, from whom she had received the money for about a year, and she saw she could get no more, she brought this suit to set aside the judgment; that she participated in all the fraud upon the court to secure it. As appellant caused his exception to be sustained to that portion of the petition alleging the agreement to pay her $25 per month as an inducement for her to get it, and appellee took no exception thereto, nor made any cross-assignments, that question would hardly be before us, unless as a fundamental error. But as appellant introduced the evidence above set out and discussed it in his brief, we have thought it not improper to discuss it also.

Of course a defendant can make no default so that a judgment for divorce may be entered against him without evidence, full and complete. Divorces must only be granted "upon full and satisfactory evidence." See article 4633. It also provides, "either husband or wife may testify," "but no divorce shall be granted upon the evidence of either husband or wife, if there be any collusion between them."

Divorce suits must be filed 30 days before trial, and citation must be served, or waiver filed, more than 10 days before the regular term of court next succeeding. And while civil suits may be tried by agreement of parties during vacation or called terms, or at

any time, divorce suits are especially excepted, and cannot be tried in vacation. The parties here had in fact agreed for a trial at any time, and there is nothing shown indicating that defendant did not know it was a special term he agreed to, but he knows it now, and is affirming it.

We have given much consideration to this case, and can find no merit in it.

We sustain the assignments, and here reverse and render the judgment in favor of appellant.

#### On Motion to Certify to Supreme Court.

There is no conflict between our decision and the case of Pearce v. Tally, 8 Tex. 304. The latter case relates merely to an acceptance of service and process, and not a waiver of the issuance and service of process and the entry of an appearance, such as was filed in this case. Nor is there any conflict with the case of Jackson v Dowdy, 29 S. W. 693, as that case did not involve any waiver of the issuance and service of process and the entry of an appearance, but merely holds that as the citation affirmatively showed that it had not been served for 10 days, a judgment by default would be reversed. There is nothing in the opinion or holding which conflicts with the opinion in the case of Josey v. Masters, 179 S. W. 1134. The instrument filed by Guerra was sufficient to constitute an entry of appearance such as placed him in court for all purposes, just as if he had filed an answer. There being no statute prohibiting the trial of divorce cases at a special term, and the petition having been on file for more than 30 days, no reason existed why the court could not try the case at the time it was tried.

The motion to certify is overruled.